PLOTKIN, Judge.
Defendant, Jack N. Lee, acting individually and as executor of the estate of his late wife Verna B. Meyers, seeks review of a trial court judgment denying a motion for new trial. We reverse and remand to the trial court for further proceedings in compliance with this opinion.

Facts:

Plaintiff First City Bank filed a petition for executory process seeking seizure and sale of immovable property owned by the defendant on May 2, 1989. The defendant filed a petition to enjoin the executory process on July 13, 1989, stating that the plaintiff had failed to submit the required authentic evidence to support its petition and asserting the affirmative defenses of estoppel and extinguishment of the obligation. Specifically, the plaintiff claims that, by agreement, the mortgage secured by the immovable property was to be paid through an assignment of rents and that the bank failed to apply the rents to the note. The trial court scheduled a hearing on the petition to enjoin for August 18, 1989, ordering the plaintiff to show cause why its petition for executory process should not be enjoined.
On July 18, 1989, the plaintiff filed a motion to dismiss the petition for executory process without prejudice, which was signed by the trial judge. The motion specifically stated that First City Bank anticipated no further action in the case. The defendant claims that he was not served with the motion to dismiss. He filed a motion for new trial, requesting the trial court to direct the plaintiff to show cause why its suit should not be dismissed with prejudice. The motion was denied. This appeal followed.
La.C.C.P. art. 1671, dealing with voluntary dismissal, provides as follows:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice.
Official comment (b) to the article states that “[ajfter an appearance, a plaintiffs right to dismiss rests within the sound discretion of the court.”
In the instant case, the defendant made an appearance by filing the petition to enjoin the suit for executory process; thus, the dismissal was not mandatory but was subject to the “sound discretion” of the trial judge. However, a trial court's discretion to dismiss a suit without prejudice on motion of the plaintiff has been jurisprudentially limited by caselaw. In Rourke v. Coursey, 338 So.2d 1197 (La.App. 3d Cir.1976), the court stated as follows:
The trial judge ... is not granted unbridled discretion by Article 1671. The jurisprudence recognized the rule that a trial judge cannot dismiss a suit without prejudice [if] substantive rights acquired by the plaintiff would thereby be lost. Similarly, the trial court has no discretion to grant a dismissal without prejudice which would deprive a defendant of a just defense.
Id. at 1199.
In the instant case, the defendant has alleged that the trial court’s granting of the motion to dismiss without prejudice will cause him to lose substantive rights and will prevent him from asserting just defenses. Ordinarily, a defendant would not be entitled to a hearing on a motion to dismiss filed by the plaintiff. However, *546 under the rules established by the jurisprudence in this state, a trial judge’s discretion to dismiss a suit without prejudice is limited when substantial rights and just defenses of the defendant are adversely affected. Thus, when a defendant alleges that his substantial rights and just defenses will be denied by a motion to dismiss, he should be afforded an opportunity to prove those allegations. Because no hearing on this issue was conducted in this case, we are unable to determine, from the record as it stands, whether the trial court abused his discretion in granting the dismissal without prejudice. Thus, the case must be remanded.
For the above and foregoing reasons, the trial court’s judgment denying the defendant’s motion for new trial is reversed. The case is remanded to the trial court for a hearing to determine whether the plaintiff’s suit should be dismissed without prejudice.
REVERSED AND REMANDED.