619 So.2d 103 (1993)
Jane ABSHIRE, Plaintiff-Relator,
v.
LAFAYETTE PARISH SCHOOL BOARD, Defendant-Respondent.
No. 93-500.
Court of Appeal of Louisiana, Third Circuit.
May 28, 1993.
*104 Sue Fontenot, Abbeville, for Jane Abshire.
Larry Lane Roy, Lafayette, for Lafayette Parish School Bd.
Before STOKER, KNOLL, COOKS, SAUNDERS and WOODARD, JJ.
COOKS, Judge.
Jane Abshire sought injunctive relief to restrain the Lafayette Parish School Board from conducting a hearing and accepting certain evidence for two reasons. First, she asserted the Board's election to permit and consider evidence relating to alleged criminal charges pending against her was violative of both State and Federal Constitutional prohibitions guaranteeing her the right to remain silent, to stand before a court of competent criminal jurisdiction, to effectively cross-examine the witnesses against her, and to other guarantees. She argues these rights are threatened if an administrative body is permitted to make findings of "guilt or innocence" without safeguards and without the Board members possessing the requisite legal training to act as constitutional vanguards. Second, she urged that the actual charges mentioned by the Board in its letter date March 11, 1993 are not specifically delineated as required by the Teacher Tenure Act and certain constitutional precepts. As a consequence, Jane Abshire now maintains that her substantive "due process" rights to adequate notice and to adequate opportunity to prepare a defense were unfairly and illegally hampered.

PROCEDURAL HISTORY
Shortly after receiving notification of the Superintendent's recommendation moving for her termination as a tenured teacher, Jane Abshire filed a battery of motions before the Board addressing multiple procedural and constitutional issues. She further urged that the Board rule on these motions prior to the scheduled hearing. Instead, the Board elected to defer all consideration of the pending motions to the morning of the actual hearing. Jane Abshire then petitioned the district court for relief by filing a Motion to Continue the Tenure Hearing and to require the School Board to rule on the pending motions. This motion was denied as premature. Next, she noticed the depositions of potential witnesses disclosed by the Board in an effort to ascertain information regarding the date, time, and full nature of the charges serving as the basis for her termination. The Board responded by filing a motion to quash the deposition notices. The motion was granted. As the scheduled trial date grew near, Jane Abshire filed a motion for temporary restraining order with the United States *105 District Court seeking an order stopping the hearing and a ruling on her constitutional rights. The federal district court in the exercise of its discretion invoked the abstention doctrine ostensibly finding the State trial court possessed concurrent jurisdiction and authority to protect the asserted constitutional rights by issuing remedial and equitable relief. Jane Abshire's attorney was advised of this ruling on May 4, 1992, two days prior to the scheduled tenure hearing. On the morning of the hearing, Jane Abshire's counsel argued the motions before the Board and while the argument was in progress caused to be filed a motion for temporary restraining order and preliminary injunction with the district court. The Board denied the motions expressing an intent to proceed immediately with the hearing. As reflected in the transcript of the hearing filed with this Court, Jane Abshire's counselor pled with the Board for a two (2) day recess to allow her time to seek judicial relief from its ruling on the motions. The Board denied the request. Jane Abshire and her attorney left the hearing. The Board elected to proceed with the hearing and ultimately to terminate Jane Abshire's employment. While the hearing was ongoing, the request for a restraining order filed with the district court was denied with the following handwritten notation "denied, TRO not proper relief under circumstances pled in Motion." It was dated May 6, 1993 at 11:20 A.M. Immediately, Jane Abshire filed with this Court an application for supervisory writs presumably while the hearing was still in progress. She also prepared a second application for the district court styled "Application for Supervisory Review of Administrative Action." The trial judge was unavailable to entertain this submission and allegedly declined to do so later expressing that the hearing ended and the termination was perfected.

MOOTNESS
Our initial inquiry necessarily focuses on whether we may proceed to review Jane Abshire's application for supervisory relief and issue a ruling subsequent to completion of the hearing and her termination by the Board. Framed correctly, the issue essentially addresses the question of "mootness." Ordinarily, restraining orders and other injunctive relief are equitable remedies designed to maintain the "status quo" between the parties until the relief sought by the pleadings may reasonably be entertained by the courts. Past exposure to illegal conduct will not support a present application for injunction which if issued would serve no useful purpose in prohibiting the illegal activity or preventing the occurrence of irreparable injury. The doctrine of "mootness" is a recognition by the courts that judicial rulings which seek to prohibit certain activities should be susceptible of implementation. When the occurrence has happened, the ruling cannot "reach back in time" and right the wrong done. However, in certain instances past exposure to illegal conduct may be accompanied by "continuing present adverse effects." Carter v. Orleans Parish Schools, 725 F.2d 261 (U.S.Ct. of App., 5th Cir.1984). In these instances, the question of "mootness" must be reframed in the context of the continuing threatened injury and whether a restraining order and other available injunctive relief if issued will maintain the "status quo" and prevent the "continuing harm" until a full hearing transpires. Future economic losses and the stigma and scorn a teacher may suffer from an illegal hearing if left unchecked are continuing consequences which may justify the grant of immediate relief. Larche v. Hannah, 176 F.Supp. 791 (United States District Court, W.D. of Louisiana, 1959). Furthermore, when constitutional rights are trampled, we must be hesitant in permitting the full effects of the violations to take place if equitable relief will return the parties to the "status quo" and restore the aggrieved party's rights. Harris v. Pierce, 73 So.2d 330 (La.App. 4th Cir.1954). We note, as well, that a teacher's right to seek meaningful judicial review from adverse administrative rulings bearing on alleged claims addressing procedural "due process" and other constitutional issues should not depend on her ability to make a mad dash to the courthouse when the *106 teacher has timely sought relief. We are convinced the granting of an injunction is appropriate whenever the policy of preserving the Court's power to decide the case effectively outweighs the risks of imposing an interim restraint. Additionally, administrative proceedings are quasi-judicial in nature. An individual whose rights are curtailed is entitled to fair play and to be effectively heard on basic constitutional and procedural contentions before issuance of a final command terminating substantial property rights and severely impacting fundamental human rights. Larche v. Hannah, supra at 798. Pursuant to Louisiana Constitution, Article 1, Sections 2, 19 and 22, this Court has the right of Judicial Review to ensure that "no person shall be deprived of life, liberty or property except by due process of law." (Emphasis Added)
Recognizing these principles in our jurisprudence and law, we find the doctrine of mootness inapplicable to the special procedural facts of this case. According to the submissions filed with this court, Jane Abshire's counselor timely sought administrative relief and later pled with the Board to delay the hearing only a short period to permit judicial review of its decision. The Board elected to delay its rulings on the motions until the morning of the hearing expressing in its March 31, 1993 letter that in the past such motions had been filed with the district court and all ruled in favor of the Board. The letter instructed Jane Abshire's counselor that the motions would be taken up "first thing" and "we will immediately begin the taking of evidence in connection with the teacher termination hearing." Clearly, the letter impliedly suggested the Board's intent to deny all the motions on the date of the hearing. At this stage, fair play dictated that the Board issue a ruling denying the motions thereby affording Jane Abshire sufficient opportunity to present her claims before the courts. Procedural "due process" rights are not dependent on an administrative body's unexplained refusal to act where such delay in action serves no useful purpose and effectively closes the door to meaningful judicial review on a petition seeking to stop the administrative body from proceeding illegally. Moreover, our decision to render equitable relief in this case will return the parties to the "status quo" and allow sufficient opportunity for a hearing on Abshire's application for preliminary injunction as urged by amended application to this Court.

INJUNCTIVE RELIEF PREREQUISITES
As required in making this interim ruling, we have considered the prerequisites Abshire must establish to secure a preliminary injunction and in due course a permanent injunction against the Board stopping it from giving effect to the "alleged illegal hearing;" thus, restoring Abshire to full tenured status, though suspended, until another tenure hearing is held in compliance with applicable law. We find based on the limited submissions before this Court serious questions militating in favor of the trial court's grant of a preliminary injunction in this case and ultimate scheduling of a full hearing on Abshire's petition for other permanent injunctive relief. Accordingly, we return this case to the court below with instructions to the trial judge to conduct an immediate hearing to determine whether a preliminary injunction should issue and whether further proceedings should follow consistent with this ruling. In deciding whether to issue the preliminary injunction the trial judge is further instructed to consider whether there exists:
(1) A substantial likelihood that Abshire will prevail on the merits of her contentions as found in the various motions submitted to the Board and the lower court;
(2) A substantial threat that she will suffer irreparable injury if relief is not granted;
(3) That the threatened injury to Abshire outweighs the threatened harm the injunction my do to the Board; and,
(4) That granting the relief will not be adverse to the public interest.

*107 LIKELIHOOD OF SUCCESS ON THE MERITS
As the case stands, we pretermit making any definitive rulings on the issue addressing Abshire's likelihood of success. However, the trial judge is directed to explore her contentions by considering whether the Board, as an administrative agency, may receive evidence relating to Abshire's arrest and charges for allegedly committing drug related offenses without an adjudication of her guilt in a court of law when faced with Abshire's election to exercise her constitutional rights to remain silent and insistence on the government proving her guilt beyond a reasonable doubt with certain added due process safeguards. We note "Louisiana's courts are charged with the responsibility not only for the application of Louisiana law but also with the protection of Louisiana citizens and their rights under both the Louisiana Constitution and the Constitution of the United States." Sheridan v. Garrison, 273 F.Supp. 673 (United States District Court, E.D.Louisiana, 1967), reversed on other grounds, 415 F.2d 699 (United States, 5th Cir., 1969). Squarely addressing the applicability of the Fifth Amendment privilege against self incrimination, federal courts have consistently held the privilege attaches to administrative proceedings invoked to terminate employment rights. Lefkowitz v. Turley, 414 U.S. 70, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973); Lefkowitz v. Cunningham, 431 U.S. 801, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977). See also, the Louisiana Supreme Court decision in State of Louisiana v. Johnson, 432 So.2d 815 (La. 1983) adopting the holdings in Lefkowitz v. Turley, supra and McCarthy v. Arndstein, 266 U.S. 34, 45 S.Ct. 16, 69 L.Ed. 158 (1924). We further note our earlier case entitled Summers v. Vermilion Parish School Board, 493 So.2d 1258 (La.App. 3rd Cir.1986), addressing the Board's right to proceed with a teacher's tenure termination under similar circumstances, admits the failure of Summer's counselor to cite any authority preventing such action. Abshire's application is supported by citations allegedly favoring her position.
Further, the trial judge shall consider whether the charges outlined in the Board's letter dated March 11, 1993 sufficiently complies with the mandates of the Louisiana Teacher's Tenure Act as contained LSA-R.S. 17:443, et seq. and interpreted in State ex rel. Franceski v. Plaquemines Parish, 416 So.2d 150 (La. App. 4th Cir.1982), writ denied, 421 So.2d 907 (La.1982) and recently by this Court in Jones v. Rapides Parish School Board, No. 92-896, 1993 WL 168626 (La.App. 3rd Cir., 1993). See also Cunningham v. Franklin Parish School Board, 457 So.2d 184 (La.App. 2d Cir.1984).

IRREPARABLE INJURY
A showing of irreparable injury "is not necessary when the deprivation of a constitutional right is involved." When a violation of federal due process or of state property protection guarantees, such as preserved in the Teacher Tenure Act, are shown, injunctive relief is an appropriate remedy. South Central Bell Telephone v. PSC, 555 So.2d 1370 (La.1990). If the injury from such violations are continuing, the aggrieved party is not required to await lengthy trial court and appellate process.

WEIGHING OF HARM
While the Board may have a rational basis for seeking early removal of a teacher accused of criminal activity on school property, it must not infringe on the teacher's Fifth Amendment, due process, or other constitutional rights. Any risks to the students or the Board's ability to administrate its schools, associated with the teacher's alleged criminal activity, were sufficiently eliminated by suspension of the teacher's employment. The economic cost to the Board resulting from payment of the teacher's salary during the period of suspension does not outweigh the teacher's right to full constitution protection as guaranteed by federal and state laws.

DISSERVICE TO THE PUBLIC
Under these circumstances, a later determination that the Board acted improperly may subject the public to far greater financial *108 liability stemming from Abshire's potential meritorious claims for damages.

ORDER
With instructions and observations, Abshire's application for supervisory writ is hereby granted and made peremptory and the trial judge shall proceed in a manner consistent with this ruling. It is further ordered that the Lafayette Parish School Board shall refrain from implementing its decision to terminate Jane Abshire from its employment, including stopping payment of her salary and other employment related benefits, pending full hearing on her application for preliminary injunction. Accordingly, the Board is directed to reinstate Jane Abshire as a tenured suspended teacher with all the emoluments of the position from the date of its decision to terminate her employment.
WRIT GRANTED AND MADE PEREMPTORY.
STOKER, J., would deny the writ on the grounds that the applicant's relief is by appeal. LSA-R.S. 17:443 B.