694 So.2d 975 (1996)
CITY OF NEW ORLEANS THROUGH its DEPARTMENT OF SAFETY AND PERMITS and the City Planning Commission
v.
BOARD OF COMMISSIONERS OF the ORLEANS LEVEE DISTRICT.
No. 96-CA-0535.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 1996.
Rehearing Denied October 25, 1996.
Writ Denied January 6, 1997.
Verna R. Guesnon, Assistant City Attorney, Evelyn F. Pugh, Deputy City Attorney, Deborah L. Wilson, Chief Deputy City Attorney, Avis M. Russell, City Attorney, New Orleans, for Plaintiffs-Appellees City of New Orleans Through its Department of Safety and Permits and the City Planning Commission.
Frank J. Uddo, Anthony J. Milazzo, Jr., Basile J. Uddo, Uddo & Milazzo, Metairie, for Defendant-Appellant Board of Commissioners of the Orleans Levee District.
Before KLEES, PLOTKIN and WALTZER, JJ.
KLEES, Judge.
Defendant, the Board of Commissioners of the Orleans Levee District [hereinafter refereed to as "the Levee Board"] appeals the trial court's judgment, which dismissed with *976 prejudice the plaintiff's lawsuit on account of mootness. We affirm.
Plaintiff is the City of New Orleans [hereinafter "the City"]. The City filed suit on October 4, 1991 in response to the Levee Board's refusal to comply with the City's land use, zoning and safety codes relative to the construction of South Shore Harbor Marina, which was to be built for commercial profit on state-owned land inside the city of New Orleans. The City sought a declaratory judgment that it could enforce local zoning and building ordinances against the Levee Board, as well as injunctive relief to halt the construction. The trial court held that the City could not enforce its local ordinances against the Levee Board, a state agency, in this instance. The City appealed devolutively, and the appellate court affirmed. On July 5, 1994, the Louisiana Supreme Court reversed and held that the City's home rule powers include the power to enforce local building and zoning ordinances consistent with the state constitution. City of New Orleans v. Board of Com'rs, 93-0690 (La. 7/5/94), 640 So.2d 237. Finding that the City's petition stated a valid cause of action, the Court remanded the case to the trial court for further proceedings consistent with its opinion. Id. at 257. The Court noted that upon remand, the Levee board would be "afforded the opportunity to plead any good faith defense on the merits," although "[n]o such defense appears on the face of the pleadings or has been suggested by the record before us." Id. at 254-255.
After remand, the Levee Board filed an answer to the original petition, various requests for discovery, and a peremptory exception of prescription. The City filed a motion for summary judgment based on the Supreme Court's decision, and further alleged that the case was moot because during the pending litigation, the Levee Board had completed the disputed construction of South Shore Harbor Marina. During a hearing on discovery matters, the trial judge requested that both parties file a memorandum of law on the issue of mootness. With its memorandum, the City filed a motion to dismiss on account of mootness.
The City's motion for summary judgment and motion to dismiss were heard on December 15, 1995. On December 19, 1995, the trial court rendered judgment dismissing the action with prejudice on account of mootness, and further declaring that all other outstanding motions and exceptions were also dismissed as moot (including the Levee Board's exception of prescription, which had been scheduled for hearing in January 1996).
The Levee Board has appealed, arguing that it has a vested right to have its motion considered and to have the case dismissed on the basis of prescription rather than mootness. We disagree.
The Levee Board first contends that the trial court's judgment was improper because the Levee Board did not receive proper notice of the City's motion to dismiss. The Levee Board also argues that its exception of prescription is based on a vested right. Louisiana Code of Civil Procedure article 1671, concerning motions to dismiss, states:
"A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all cost, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice."
The Levee Board's argument that the trial judge should not have dismissed the action because the Levee Board did not receive 72 hours notice of the motion is without merit. A plaintiff's motion to dismiss is not necessarily a contradictory motion and therefore may be filed ex parte. As this court explained in First City Bank v. Lee, 576 So.2d 544, 545 (La.App. 4th Cir.1991), a defendant ordinarily is not entitled to a hearing on a motion to dismiss filed by the plaintiff. However, under C.C.P. article 1671, a trial judge's discretion to dismiss a suit without prejudice is limited when substantial rights and just defenses of the defendant are adversely affected. Id. at 546.
Because in the instant case, the trial court dismissed the action with prejudice, the Levee Board's argument that its substantive *977 rights were violated is without merit. The Levee Board has no vested right to have the action dismissed with prejudice on the basis of one theory (prescription) as opposed to another (mootness).
Finally, we conclude that in the instant case, the trial court correctly dismissed the action because all justiciable controversies were moot. A moot case is one which seeks a judgment or decree which if rendered, can give no practical relief. Robin v. Concerned Citizens for Better Education in St. Bernard, Inc., 384 So.2d 405 (La.1980). Thus, when an appeal is taken from an order denying injunctive relief and the act sought to be enjoined is accomplished pending appeal, the appeal will be dismissed as moot. Sobolewski v. Brown, 405 So.2d 1254 (La. App. 4th Cir.1981). Another court has stated:
The doctrine of mootness is a recognition by the courts that judicial rulings which seek to prohibit certain activities should be susceptible of implementation. When the occurrence has happened, the ruling cannot "reach back in time" and right the wrong done.
Abshire v. Lafayette Parish School Board, 619 So.2d 103, 105 (La.App. 3 Cir.1993).
The City's original petition sought a declaration that it could enforce certain zoning and building ordinances against the Levee board in the case of the South Shore Harbor Marina, and an injunction halting further construction of the marina until the controversy was determined. The completion of the marina project has now made all issues moot. Therefore, the trial court was correct in granting plaintiff's motion to dismiss with prejudice. Accordingly, the judgment of the district court is affirmed.
AFFIRMED.