TERRI F. LOVE, Judge.
| iThis appeal arises from the decision of the State Board of Elementary and Secondary Education to" consider a substitute motion “to direct the State Superintendent of Education to issue a request for proposals for the purpose of operating the John McDonogh facility” during a November 12, 2014 meeting. The meeting,agenda provided that they would “receive the report regarding meetings and the community engagement process concerning the future use and control of the John McDonogh facility.” Plaintiff filed for injunctive relief and voidanee of the action. The trial court found that “legally sufficient notice” was provided and denied plaintiffs request for injunctive relief. The plaintiff appealed, contending that the trial court was clearly wrong in'denying the request for a preliminary injunction. Finding that the action sought to be enjoined has occurred, we dismiss the appeal as moot.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Following Hurricane ■ Katrina, John McDonogh Senior High School (“John McDonogh”) was placed in the Recovery School District (“RSD”), and operated from 2006 to 2011. In 2011, John MeDo-nogh began operating as a charter school. After continuing to receive failing ratings, John McDonogh was closed in June 2013. Subsequently, the John McDonogh High School Steering Committee 12(“JMHSSC”) was formed and sought to have John McDonogh returned to the Orleans Parish School Board (“OPSB”).. The OPSB then created the John McDonogh High School Ad Hoc Committee (“JMHSAHC”). JMHSAHC was dedicated to the issue of the future use and control of the John McDonogh facility.
On November 12, 2014, the State Board of Elementary and Secondary Education (“BESE”) held a meeting in which the agenda connoted that they would “receive the' report regarding meetings and the community engagement process concerning the future use and control of the Johri McDonogh facility.” During the meeting, a substitute motion to “direct the State Superintendent of Education to issue a request for proposals for the purpose of operating the John McDonogh facility” was made and was approved by a majority, with two. votes against the substitute motion.
Susie Jackson then filed a Petition for Injunctive Relief and Voidanee of Action against Patrick Dobard, individually and in his capacity as the superintendent of the RSD, Charles “Chas” Roemer, individually and as the president of BESE, BESE, and the Louisiana State Department of Education (“LDOE”) (collectively the “Defendants”) .contending that BESE’s action at the -meeting violated, the laws on open meetings because, the advertised agenda was not legally sufficient to put the public on notice about the substitute motion item. The trial court granted Ms. Jackson a *1121 temporary restraining Order (“TRO”) to prevent the Defendants from “naming,, appointing or contracting with a charter management operator for John McDonogh Senior High school prior to a contradictory hearing.”.
Following the hearing, the trial court denied Ms. Jackson’s request for a preliminary injunction, and dismissed the,TRO, The trial court found that the | ^notice provided to the public was legally sufficient. Ms. Jackson filed a Motion for New Trial, a Motion to Suspend Judgment,’ and a Motion to Recuse. The Motion to Recuse was “denied without referring the matter to another judge for hearing.” Ms. . Jackson then filed a motion to dismiss, which deemed the Motion for New Trial as moot. Ms. Jackson’s appeal followed.
Ms. Jackson asserts that, the trial court was clearly wrong by denying her request for a preliminary injunction.

PRELIMINARY INJUNCTION

Ms. Jackson contends that the trial court clearly erred by denying her'request for a preliminary injunction because BESE violated open meetings law by voting on a substitute motion.
“A preliminary .injunction is an interlocutory device designed to preserve the existing status pending a trial of the issues on the merits of the case.” Oestreicher v. Hackett, 94-2573, p. 5 (La.App. 4 Cir. 5/16/95), 660 So.2d 29, 32. “[A] party seeking issuance of a preliminary injunction bears the burden of establishing by a preponderance of the evidence a prima facie case.” Silliman Private Sch. Corp. v. S’holder Grp., 00-0065, p. 5 (La.App, 1 Cir. 2/16/01), 789 So.2d 20, 22-23. “[T]he requirements to prevail on a hearing for a preliminary injunction are a showing that: 1) the injury, loss or damage mover will suffer if the-injunction does not issue may be irreparable; 2) that he is entitled to the relief sought; and 3) that he is likely to prevail on the merits of the cáse.” Kern v. Kern, 11-0915, p. 6 (La.App. 4 Cir. 2/29/12), 85 So.3d 78, 781. ..“[A] preliminary injunction may be issued on merely a prima facie showing, by the plaintiff that he is entitled to relief.” Mary Moe, L.L.C. v. Louisiana Bd. of Ethics, 03-2220, p. 9 (La.4/14/04), 875 So.2d 22, 29 “Irreparable injury means the moving party cannot be adequately | ¿compensated in money damages for his, injury or suffers injuries which, cannot be measured by pecuniary standards.” Oestreicher, 94-2573, p. 4, 660 So.2d at 31.
“A moot case is one which seeks a judgment or decree which if rendered, can give , no practical relief.” City of New Orleans Through Dep’t of Safety & Permits v. Bd. of Comm’rs of Orleans Levee Dist., 96-0535, p. 3 (La.App. 4 Cir. 9/26/96), 694 So.2d 975, 977. “Thus, when an appeal is taken from an order denying injunctive relief and the act sought to be enjoined is accomplished pending appeal, the appeal will be dismissed as moot.” Id. See also Walters v. Childers, 214 La. 531, 38 So.2d 160 (1948); City Stores Co. v. Gervais F. Favrot Co., Inc., 315 So.2d 370 (La.App. 4th Cir.1975); Morehouse Par. Police Jury v. Wild Life & Fisheries Comm’n, 199 So.2d 542 (La.App. 4th Cir.1967).
In City Stores, this Court dismissed an appeal as moot because “the purpose of the preliminary injunction was to stop arbitration during the pendency of the suit,” but arbitration was completed prior to the appeal. 315 So.2d at 371-72. This Court held that “no order issued by this court on an appeal from a preliminary injunction could act to stop what has already been accomplished.”’ Id., 315 So.2d at 372. Likewise, in City of New Orleans, this Court determined that the trial court correctly dismissed the; plaintiff s claims as moot because the plaintiff sought to enjoin *1122 the construction of a marina pending the resolution of a zoning controversy. 96-0535, p. 4, 694 So.2d at 977. The construction of the marina was completed, no justi-ciable controversies remained. Id.
Similarly, Ms. Jackson’s Petition for Injunctive Relief sought to prevent the Defendants from “naming, appointing or contracting with a charter management operator for John McDonogh Senior High school prior to a contradictory hearing.” On April 22, 2015, Superintendent Dobard announced that he had selected |fiBricolage Academy to occupy the McDonogh facility after renovations to the facility are completed from the 2018-2019 school year. Thus, the activity Ms. Jackson sought to enjoin occurred. As such, the action cannot be enjoined. Accordingly, as the sole issue before this Court is whether the trial court abused its discretion by denying in-junctive relief, we dismiss the appeal as moot.

DECREE

For the above-mentioned reasons, we find that Ms. Jackson’s appeal is moot, and dismiss.
APPEAL DISMISSED.