JOY COSSICH LOBRANO, Judge.
| ¶ This suit arises out of a public contract to perform janitorial services at the Louis Armstrong New Orleans International Airport (“the Contract”). On February 19, 2015, the New Orleans Aviation Board (“NOAB”) awarded the Contract to Metro-Service Group, Inc. (“Metro”). On May 22, 2015, Enmon Enterprises, L.L.C. d/b/a Jani-King (“Jani-King”), an unsuccessful bidder on the Contract, filed suit against Metro and NOAB alleging that the award of the Contract to Metro violated the Louisiana Public Bid Law, La. R.S. 38:2211, et seq. (“Public Bid Law”), and seeking in- *711 junctive relief prohibiting the NOAB from awarding the Contract to Metro 'and from entering into the Contract with any other bidder than Jani-King, pursuant to La. Code Civ. Proc. art. 3601 et -seq. Jani-King also sought a declaratory judgment pursuant to 38:2220.2 that NOAB violated Public Bid Law in making the award to Metro, and prayed for costs and attorney fees pursuant to La R.S. 38:2220.4.
Metro filed a peremptory exception of prescription, asserting that Jani-King’s claims for injunctive relief were untimely because prior to its filing, the |gNOAB had already awarded the Contract to Metro and was legally obligated to execute the Contract under La. R.S. 38:2215(B).[1]
On May 29, 2015, the district court ruled that Jani-King’s petition to enjoin the award and execution of the Contract was untimely under La. R.S. 38:2215(B), because it was filed more than sixty days after the award of the Contract. While the judgment does not include decretal language so stating, this had the result of denying the injunctive relief claims. At the hearing, the district court specifically noted that his ruling applied solely to the injunctive relief claims. The district court did not address or rule on the declaratory judgment claims, which are not before us in the instant appeal.
Jani-King appeals the district court’s granting of the exception of prescription claiming that: (1) the district court committed legal error in finding that its petition for injunctive relief was untimely under La. R.S. 38:2215(B); and (2) the district erred in not requiring Metro to prove “factual conditions precedent” in granting the prescription exception. Because we find that both the award and the execution of the Contract have already occurred, we dismiss Jam-King’s appeal as moot. .. i
“It is well establishéd that appellate courts will not render advisory opinions from which no practical results can follow.” Whitney Nat. Bank of New Orleans v. Poydras Ctr. Associates, 468 So.2d 1246, 1248 (La.App. 4 Cir.1985), citing United Teachers of New Orleans v. Orleans Parish School Board, 355 So.2d 899 (La.1978). Thus, moot questions are not considered on appeal. Id. This prohibition is so strong that appellate courts, as a matter of judicial economy, may raise | ijinootness on their own motion and dismiss the appeal if the matter has become moot. Id.
“A preliminary injunction is- an interlocutory device designed to preserve the existing status pending a trial of the issues on the merits of the case.” Jackson v. Dobard, 2015-0505, p. 3 (La.App. 4 Cir. 12/9/15), 182 So.3d 1119, 1121, quoting Oestreicher v. Hackett, 94-2573, p. 5 (La. App. 4 Cir. 5/16/95), 660 So.2d 29, 32, Its purpose is . to forestall future conduct. Broadmoor, L.L.C. v. Ernest N. Mortal New Orleans Exhibition Hall Auth., 04-0211, p. 5 (La.3/18/04), 867 So.2d 651, 655. “Thus, when an appeal is taken from an order denying injunctive relief and the act sought to be enjoined is accomplished pending appeal, the appeal will be dismissed as moot.” Jackson, 2015-0505 at p. 4, 182 So.3d at 1121 quoting City of New Orleans Through Dep’t of Safety & Permits v. Bd. of Comm’rs of Orleans Levee Dist., 96-0535, p. 3 (La.App. 4 Cir. 9/26/96), 694 So.2d 975, 977. In such cases, “the propriety of the trial court’s action in denying or granting the injunction will not be considered by the reviewing court.” Whitney, 468 So.2d at 1248.
*712 This rule was aptly expressed by. the Louisiana Supreme Court in Verdun v. Scallon Brothers Contractors, Inc., 263 La. 1073, 270 So.2d 512 (1972). In Verdun, the plaintiff sought to enjoin a contractor from .trespassing on "plaintiff s property in connection with an adjacent levee repair. However, by the time the case reached the Supreme Court, the construction activities were completed. The Court dismissed the appeal, opining thát “the matter is now moot, [and] this court will not review a case where only injunctive'relief is sought when the need for that relief has ceased to be a justiciable issue. Injunction may be used to prevent but not to correct the wrong; it cannot be employed to redress an alleged consummated wrong or undo what has already been done.” Id. at 513. See also, Roland Const. Co. Inc. v. City of Alexandria, 90-603 (La.App. 1 Cir. 12/18/91), 591 So.2d 808 (finding in public bid context that appeal was mooted by award and completion of project while appeal was pending).
Similarly,- in the case at bar, Jani-King seeks to enjoin activities that have already occurred. Moreover, Jam-King’s petition does not include any claim for damages that would place the timeliness of its petition for Injunctive relief in issue;[2] rather, its claims for damages are made pursuant to La. R.S. 38:2220.4, which does not require the timely filing of an injunction for an award. Thus, the district court’s denial of the injunction by granting Metro’s prescription exception is moot. “[N]o order issued by this court on an appeal from a preliminary injunction could act to stop what has already been accomplished.” Jackson, 2015-0505 at p. 4, 182 So.3d at 1121 quoting City Stores v. Gervais F. Favrot Co., Inc., 315 So.2d 370, 372.
Accordingly, the appeal is dismissed as moot. We note that our ruling does not affect Jani-King’s request for declaratory judgment on-the underlying merits of its suit — i.e., whether the NOAB violated Public Bid Law — which was not subject to the prescription exception, not adjudicated by the district court, and is not before" us in this appeal.
DISMISSED AS MOOT.
BELSOME, J., concurs in the result.

. Metro also filed a peremptory exception of no right of action which the district court pretermitted after finding that claim for in-junctive relief prescribed.

. See Airline Constr. Co., Inc. v. Ascension Par. School Bd., 89-2697 (La.10/22/90) 568 So.2d 1029, 1035 (holding that if an unsuccessful bidder doesn’t timely file for injunctive relief, it waives any right to claim damages from the public entity or other bidders).