Judge Terri F. Love
This appeal arises from a dispute between two sisters regarding a petition for partition of succession property. The trial court granted the petition for partition and the opposing sister sought an appeal. However, after the trial court granted the petition for partition, the property was sold. We find that the appeal of the petition for partition is moot, as the property was sold since the trial court ruled. Accordingly, the appeal is dismissed.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Samantha Dedais Mitchell Bass and Sonja Marie Dedais, twin sisters, disagreed *1272 about the sale of the former community property family home located at 5219 Constance Street, New Orleans, Louisiana. Samantha was appointed as the administratrix of their father's succession on November 3, 2017.[1] Samantha then filed a Petition for Partition of Succession Property and Application to Sell at Private Sale. Samantha, Sonja, and Flag Boy Properties, LLC ("FBP") were the stakeholders in the property.[2]
Sonja opposed the partition and filed a Petition for a Temporary Restraining Order, seeking thirty days to purchase the property. Sonja's request for a TRO was denied. The trial court subsequently granted Samantha's Petition for Partition, providing, in pertinent part:
IT IS ORDERED, ADJUDGED, AND DECREED that that Petition for Partition of Succession Property and Application to Sell at Private Sale filed by Samantha Maria Dedais Mitchell on December 15, 2017 is herein GRANTED giving her the authority to sell the immovable property located at 5219 Constance Street, New Orleans, Louisiana 70115.
Sonja filed a Motion for Suspensive Appeal and for expedited supervisory review/stay of the trial court's judgment granting Samantha the authority to sell. The trial court set the suspensive appeal bond at $ 280,000. This Court denied Sonja's request for a stay and for supervisory review. Succession of Joseph E. Dedais , unpub., 18-0597 (La. App. 4 Cir. 7/16/18). Sonja filed a motion to reduce the suspensive appeal bond, contending that the amount of the bond was excessive. Sonja also requested that the trial court order the Clerk of Court to hold her fifty percent interest in the succession as the bond. The trial court held as follows, in pertinent part:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Motion to Reduce Security and Motion for Expedited Hearing filed by Sonja Marie Dedais on July 18, 2018 is herein granted in part and denied in part. The security bond is hereby reduced to Two Hundred and Seventy Five Thousand Dollars ($ 275,000.00). The deadline to post security is extended Forty-Eight (48) hours until 5:00 p.m. on Friday, July 20, 2018.
Sonja did not perfect the suspensive appeal bond, but a devolutive appeal followed.[3]
In her original appellant's brief, Sonja asserted that the trial court erroneously granted Samantha's Petition for Partition because: (1) the purchase agreement was not attached, (2) Samantha did not prove that she published the notice of intent to sell succession property, (3) Samantha did not allege or prove that the purchase agreement was signed within thirty days of the filing of the "Petition to Sell", (4) Samantha did not prove that $ 275,000 was a fair and reasonable price, (5) Samantha did not give her a reasonable opportunity to purchase the property at a higher price, and (6) Sonja was not afforded a hearing or opportunity to present evidence.
*1273 Prior to examining Sonja's assignments of error, we must address a jurisdictional issue.
RULE TO SHOW CAUSE
Sonja provided in her appellant's brief and Response to this Court's Rule to Show Cause that the property was sold at least twice since the trial court granted Samantha's Petition for Partition. Accordingly, this Court issued a Rule to Show Cause as to why her appeal should not be dismissed as moot. In response, Sonja contends that since the property sold, she is entitled to a declaratory judgment.
Sonja correctly states that La. C.C.P. art. 1877 provides that "[a]ll orders, judgment, and decrees under Articles 1871 through 1883 may be reviewed." However, there is no declaratory judgment in the record for review. The record before us does not show that a declaratory judgment was ever sought or prayed for.
"It is well established that appellate courts will not render advisory opinions from which no practical results can follow." Whitney Nat. Bank of New Orleans v. Poydras Ctr. Associates , 468 So.2d 1246, 1248 (La. App. 4th Cir. 1985). "As a result, Courts have established the rule that moot questions will not be considered on appeal." Id. " 'The Louisiana Constitution implicitly prohibits courts from issuing advisory opinions which will not affect the parties' rights.' " Evans v. Louisiana Patient's Comp. Fund , 02-0538, p. 4 (La. App. 4 Cir. 2/25/04), 869 So.2d 234, 238 (quoting State in the Interest of C.W. , 97-1229, p. 4 (La. App. 5 Cir. 4/13/98), 712 So.2d 245, 246 ). "[A]n appellate Court, as a matter of judicial economy, has a right to consider the possibility of mootness on its own motion and to dismiss the appeal if the matter has become moot." Whitney Nat. Bank , 468 So.2d at 1248.
Sonja sought to have the trial court's granting of Samantha's Petition for Partition reversed. However, she did not perfect a suspensive appeal, and the property was sold after the trial court ruled. As such, and because Sonja never prayed for declaratory relief before the trial court, we find the matter moot and dismiss the appeal. See Enmon Enterprises, LLC v. City of New Orleans ex rel. New Orleans Aviation Bd. , 15-0763 (La. App. 4 Cir. 5/4/16), 194 So.3d 709 ; Jackson v. Dobard , 15-0505 (La. App. 4 Cir. 12/9/15), 182 So.3d 1119 ; State in Interest of J.H. , 13-1026 (La. App. 4 Cir. 3/19/14), 137 So.3d 748 ; In re Meraux , 03-0633 (La. App. 4 Cir. 2/4/04), 867 So.2d 818. See also Allums v. Allums , 17-0021 (La. App. 4 Cir. 5/31/17), 221 So.3d 191 ; Weaver v. Chimneywood Homeowners Ass'n, Inc. , 01-1444 (La. App. 4 Cir. 1/30/02), 809 So.2d 1071.
DECREE
For the above-mentioned reasons, we find that Sonja's appeal is moot because the property was sold since the trial court granted Samantha's Petition for Partition. Accordingly, the appeal is dismissed.
APPEAL DISMISSED

Joseph Ernest Dedais passed away on July 15, 1991. Subsequently, on June 9, 1998, their mother, Inez Auguste Dedais also passed away.

FBP consented to a private sale.

"In ordinary proceedings, a failure to pay a suspensive appeal bond is not generally considered grounds for dismissal because the appeal is simply converted to a devolutive appeal when the appeal bond is not timely paid." Franco v. Franco , 04-0967, p. 13 (La. App. 4 Cir. 7/28/04), 881 So.2d 131, 139. "We do this because appeals are favored and also because since 1978 LSA-C.C.P. art. 2124 A has eliminated the requirement that any security be furnished in connection with devolutive appeals." Id.