NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0680

GLENN DAMOND

VERSUS

MARK D. MILEY AND GORDON HUTCHINSON

Judgment rendered: **MAR 1 0 2020**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C673354, Sec. 25

The Honorable Wilson Fields, Judge Presiding

* * * * *

| | |
|---|---|
| Glenn Damond<br>Baton Rouge, LA | In Proper Person |
| Jeff Landry<br>Attorney General<br>Justin H. Lester<br>Assistant Attorney General | Attorneys for Defendant/Appellee<br>Mark D. Miley, Justice of the Peace,<br>Ward 3, East Baton Rouge Parish |
| Jeff Landry<br>Attorney General<br>Carey T. Jones<br>Assistant Attorney General<br>Baton Rouge, LA | Gordon Hutchinson, Constable, Ward<br>3, East Baton Rouge Parish |

* * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**HOLDRIDGE, J.**

This case involves the trial court's denial of the plaintiff's request for the issuance of an injunction. Finding that no justiciable issue remains, we dismiss this appeal as moot.

## FACTS AND PROCEDURAL HISTORY

In December of 2011, the plaintiff, Glenn Damond, and Vivi Management Services entered into a lease agreement for the plaintiff to live in an apartment in Baton Rouge.[1] On August 29, 2018, the plaintiff received a notice from Vivi Management Services to vacate his apartment within five days for non-payment of rent. Two days later, the plaintiff filed with the 19th Judicial District Court a motion for an injunction, naming as defendants Rickey B. Washington, the landlord of the apartment, and Rick Washington, the property manager of the apartment. In his motion, the plaintiff sought injunctive relief to "[i]mmediately order the eviction process to halt." The motion also asserted a claim for compensatory and punitive damages against the landlord and property manager for the alleged unfit living conditions at the apartment.

On September 14, 2018, Vivi Management Services filed a petition of eviction with the Justice of the Peace Court against the plaintiff. The Justice of the Peace held a hearing on September 20, 2018. After the hearing, a judgment of eviction was signed against the plaintiff, which ordered him to vacate the premises on or before October 5, 2018.[2] The following day, the plaintiff filed a motion to amend his claim with the 19th Judicial District Court, adding as defendants Gordon Hutchinson, the Constable for the Justice of the Peace Court, and Mark D. Miley,

---

[1] We note that the plaintiffs' lease is not in the record.

[2] The parties stipulated that the plaintiff would vacate the premises no later than October 5, 2018.

2

the Justice of the Peace.[3] In response, Gordon and Mark (the defendants) filed a declinatory exception raising the objection of lack of subject matter jurisdiction, peremptory exception raising the objection of no cause of action, and a dilatory exception raising the objection of improper cumulation of actions. In their exceptions, the defendants argued several reasons why the plaintiff's claim should be dismissed. First, the defendants argued that the plaintiff's claim was moot and that the trial court lacked subject matter jurisdiction to consider the matter. Specifically, the defendants argued that the plaintiff's request for an injunction was moot because a judgment of eviction had already been signed and the plaintiff had vacated the apartment. Therefore, the defendants argued that there were no grounds for an injunction. Secondly, the defendants argued that the claim for damages must be brought by ordinary proceeding and the suit for injunction must be brought by summary proceeding, such that the plaintiff improperly cumulated his claim for an injunction with his claim for damages. Lastly, the defendants argued that the plaintiff did not have a cause of action against the defendants because he failed to timely appeal the Justice of the Peace Court's September 20, 2018 judgment of eviction with the 19th Judicial District Court.[4]

In opposition to the defendants' exceptions, the plaintiff filed multiple pleadings which requested "emotional damages" for being homeless, which confirmed that he vacated the apartment. The trial court held a hearing on the defendants' exceptions on October 16, 2018. At the hearing, counsel for the

---

[3] We note that the plaintiff also added as defendants Vivi Management Services, Miley Law Firm, and George Rip Rittell; however, those claims are not at issue in this appeal.

[4] Louisiana Code of Civil Procedure article 4925 provides that a judgment rendered by the Justice of the Peace Court shall file suit for a trial de novo in the district court or the parish court within fifteen days from the date of the judgment. Therefore, the plaintiff had fifteen days from September 20, 2018 to appeal the judgment of eviction with the 19th Judicial District Court. See Bauer v. Livaudais Elec. & Constr., LLC, 2017 WL 6344153, at *3 (unpublished) (E.D. La. Dec. 12, 2017). Since the plaintiff has not appealed the judgment of eviction within the time fixed by law, that judgment is a final definitive judgment which can no longer be challenged. See Succession of Poole, 2015-1317 (La. App. 1 Cir. 10/28/16), 213 So.3d 18, 23.

3

defendants argued that the plaintiff's claim was moot because the plaintiff had vacated the apartment. After hearing arguments from the parties, the trial court gave oral reasons, granting the defendants' declinatory exception raising the objections of lack of subject matter jurisdiction. The trial court also maintained the defendants' peremptory exception raising the objection of no cause of action and dilatory exception raising the objection of improper cumulation of actions. The trial court signed a judgment on November 5, 2018 in accordance with its oral ruling. Subsequently, the plaintiff applied to this court for supervisory writs of review from the trial court's November 5, 2018 judgment.[5] On March 7, 2019, this court granted the plaintiff's writ application for the limited purpose of remanding the matter to the trial court with instructions to grant an appeal to the plaintiff pursuant to his November 7, 2018, notice of intent to apply for supervisory writs. On March 20, 2019, the plaintiff devolutively appealed the November 5, 2018 judgment and assigned as error that the trial court erred in determining that he was not entitled to injunctive relief.

## STANDARD OF REVIEW

A preliminary injunction is an interlocutory procedural device designed to preserve the status quo between the parties pending a trial on the merits. Acadian Ambulance Service, Inc. v. Parish of East Baton Rouge, 97–2119 (La. App. 1 Cir. 11/6/98), 722 So.2d 317, 322, writ denied, 98-2995 (La. 12/9/98), 729 So.2d 583. Although a trial court's judgment on a preliminary injunction constitutes an interlocutory ruling, a party aggrieved by a judgment granting or denying a preliminary injunction is entitled to an appeal. La. C.C.P. art. 3612(B); Acadian Ambulance Services, Inc., 722 So.2d at 322. However, appellate review of a trial court's issuance of a preliminary injunction is limited. The issuance of a

---

[5] The plaintiff's first application for supervisory writs was not considered by this court due to violations of the Uniform Rules of Louisiana Courts of Appeal.

4

preliminary injunction addresses itself to the sound discretion of the trial court and will not be disturbed on review unless a clear abuse of discretion is shown. Hill v. Jindal, 2014-1757 (La. App. 1 Cir. 6/17/15), 175 So.3d 988, 1002, writ denied, 2015-1394 (La. 10/23/15), 179 So.3d 600; see also Smith v. West Virginia Oil & Gas Co., 373 So.2d 488, 493 (La. 1979).

Where the purpose of the injunctive relief sought is to prevent specifically threatened future conduct, but the act sought to be enjoined has already been committed or accomplished, there can be no grounds for an injunction. Felder v. Political Firm, L.L.C., 2014-1266 (La. App. 1 Cir. 4/24/15), 170 So.3d 1022, 1026. A court of appeal will not review a case when only injunctive relief is sought and the need for that relief has ceased to be a justiciable issue. Id. It is well settled that courts will not decide abstract, hypothetical, or moot controversies, or render advisory opinions with respect to such controversies. Id. A "justiciable controversy" is one presenting an existing, actual, and substantial dispute involving the legal relations of parties who have real, adverse interests and upon whom the judgment of the court may effectively operate through a decree of conclusive character. Id.

## DISCUSSION

The record reveals that the judgment of eviction has been signed and the parties agreed on the plaintiff's eviction date of October 5, 2018. Additionally, the record reveals that the plaintiff vacated the premises. Thus, the action the plaintiff seeks to overturn is the eviction from his apartment that he already moved out of pursuant to the judgment of eviction signed on November 5, 2018. Therefore, we find that the plaintiff's claim for injunctive relief is moot. Menard v. Louisiana High School Athletic Ass'n, 2009-0800 (La. App. 1 Cir. 12/23/09), 30 So.3d 790, 793, writ denied, 2010-0169 (La. 4/5/10), 31 So.3d 370. A moot case is one which

5

seeks a judgment or decree which if rendered, can give no practical relief. <u>Jackson v. Dobard</u>, 2015-0505 (La. App. 4 Cir. 12/9/15), 182 So.3d 1119, 1121. When an appeal is taken from an order denying injunctive relief, and the act sought to be enjoined is accomplished pending appeal, the appeal will be dismissed as moot. <u>Silliman Private School Corp. v. Shareholder Group</u>, 2000-0065 (La. App. 1 Cir. 2/16/01), 789 So.2d 20, 23, <u>writ denied</u>, 2001-0594 (La. 3/30/01), 788 So.2d 1194. Accordingly, as the sole issue before this court is whether the trial court abused its discretion by denying the plaintiff's claim for injunctive relief, we dismiss this appeal as moot.[6] See <u>Jackson</u>, 182 So.3d 1119, 1122.

## CONCLUSION

For the foregoing reasons, we dismiss this appeal as moot. All costs of this appeal are assessed against the plaintiff, Glenn Damond.

**APPEAL DISMISSED AS MOOT.**

---

[6] We note that the issue of whether or not the plaintiff is entitled to additional damages is not before this court because he did not assert such claims in the instant appeal.

6