FIDELITY BANK             \*        NO. 2020-CA-0241

VERSUS                 \*

                         COURT OF APPEAL

THE SUCCESSION OF    \*

GERALDINE O. DOWDEN        FOURTH CIRCUIT

                   \*

                         STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-01204, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
\* \* \* \* \* \*
**Judge Dale N. Atkins**
\* \* \* \* \* \*
(Court composed of Judge Paula A. Brown, Judge Tiffany G. Chase, Judge Dale N. Atkins)

Frank J. DiVittorio
Patrick K. Reso
John D. Miranda
CHEHARDY SHERMAN WILLIAMS MURRAY RECILE STAKELUM & HAYES
111 North Oak Street, Suite 200
Hammond, LA 70401


       COUNSEL FOR PLAINTIFF/APPELLEE


Coreygerard Dowden
7831 Brevard Avenue
New Orleans, LA 70127


       APPELLANT


                             **APPEAL DISMISSED**
                             **OCTOBER 7, 2020**

DNA
PAB
TGC

This is an executory proceeding. Prior to her death, the deceased mother of Appellant, Coreygerard Dowden,[1] executed a promissory note in favor of Appellee, Fidelity Homestead Savings Bank ("Fidelity"), and granted a mortgage on immovable property. Appellant appeals the trial court's July 19, 2019 judgment denying Appellant's petition for preliminary injunction to halt Fidelity's petition to seize and sell immovable property to satisfy the unpaid promissory note and mortgage. While this appeal was pending, Fidelity filed a Motion to Dismiss Appeal for Lack of Jurisdiction, arguing that the appeal should be dismissed as it is both moot and untimely. For the reasons that follow, we grant the Motion to Dismiss and dismiss the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 4, 2012, Fidelity loaned Geraldine O. Dowden ("Decedent") $60,000 and Decedent executed a promissory note for the sum. On the same date, as security for the promissory note, Decedent also granted a mortgage on immovable property located at 7811 Brevard Avenue ("the Property") in New

---

[1] At various times in this proceeding, Appellant is identified as Corey Gerard Dowden, CoreyGerard Dowden, and Coreygerard Dowden. We use Coreygerard Dowden, as that is how Appellant has identified himself in this proceeding and the record shows that he had his birth certificate amended to reflect his name with that spelling.

1

Orleans in favor of Fidelity. Decedent rented the Property to a tenant and made payments on the debt until her death on July 16, 2018.

Following Decedent's death, her son, Appellant, opened her succession and was appointed the independent administrator. Appellant continued to rent the property to a tenant and collect rent payments. He made a few payments on the debt to Fidelity, but ceased without paying the debt in full.

On January 31, 2019, Fidelity filed a Petition for Executory Process Without Appraisal ("the Petition"), naming Decedent's succession as defendant, represented by Appellant. In the Petition, Fidelity alleged that it was the holder of the promissory note executed by Decedent, that Appellant had failed to make payments due under the promissory note despite amicable demand, and that the amount owed on the note, including interest, late charges, and fees, totaled $39,619.42, as of January 3, 2019. Fidelity attached the promissory note and the mortgage executed by Decedent to the Petition. Fidelity prayed that the trial court order a writ of seizure and sale to have the sheriff of Orleans Parish seize the property, advertise the property for sale, and sell the property at public auction. The trial court issued a writ of seizure and sale on February 13, 2019.

After several unsuccessful attempts to serve Appellant with the writ of seizure and sale through the Orleans Parish Sheriff, Fidelity requested that the trial court appoint an attorney *ad hoc* to represent Appellant for service purposes pursuant to La. C.C.P. art. 2674. On May 30, 2019, the trial court appointed Vincent LoCoco ("Mr. LoCoco") as attorney *ad hoc*. After attempting to contact Appellant, including through Appellant's attorney in Decedent's succession proceeding, Mr. LoCoco filed a Motion for Discharge of Curator on October 1, 2019, wherein he informed the trial court that Appellant was representing himself

2

in the instant matter. Mr. LoCoco attached a document signed by Appellant stating same.

Appellant, appearing *pro se*, filed several documents into the record and sent multiple correspondences to the trial court, including sending a Notice of Complaint, a Notice of Criminal Complaint, and a Rejection of Claim pursuant to La. C.C.P. art. 3242.[2] On July 15, 2019, Appellant filed a Petition for Preliminary Injunction to halt the seizure and sale of the property. Appellant argued that the seizure and sale of the property should be enjoined because he did not execute the promissory note, the property "serves a public interest by Section 8 of HUD for a family of three," and he argued Fidelity was seeking to steal his mother's property without due compensation. Appellant also argued he was never served with the Petition or the writ of seizure and sale.

On July 18, 2019, Fidelity responded to Appellant's Petition for Preliminary Injunction, arguing that, because the debt had not been extinguished, was legally enforceable, and the procedure for seizing and selling the property by executory process had been followed, the seizure and sale of the property could not be enjoined. The trial court heard Appellant's Petition for Preliminary Injunction on July 19, 2019, and denied the petition for preliminary injunction by written order on August 26, 2019.

---

[2] La. C.C.P. art. 3242 provides:

> The succession representative to whom a claim against the succession has been submitted, within thirty days thereof, shall either acknowledge or reject the claim, in whole or in part. This acknowledgment or express rejection shall be in writing, dated, and signed by the succession representative, who shall notify the claimant of his action. Failure of the succession representative either to acknowledge or reject a claim within thirty days of the date it was submitted to him shall be considered a rejection thereof.

Thereafter, Appellant filed a Motion to Stay the seizure of the property. A hearing on the Motion to Stay was held on October 4, 2019. The trial court granted the motion and ordered the seizure and sale of the property stayed. In its reasons for judgment, the trial court found that service for Appellant had been requested at an incorrect address for Appellant at 7381 Brevard Avenue in New Orleans as opposed to Appellant's correct address of 7831 Brevard Avenue.

On October 10, 2019, Fidelity filed an expedited Motion to Lift the Stay of the seizure and sale of the property. In its motion, Fidelity argued that it had requested service on Appellant at the correct address—7831 Brevard Avenue—and that, despite several attempts, the Orleans Parish Sheriff could not serve Appellant at that address. Based on the inability to serve Appellant through the sheriff, an attorney *ad hoc* was appointed for service purposes. Fidelity argued that the attorney *ad hoc* had been properly appointed and, in any case, Appellant had been actually aware of the proceedings and had been filing pleadings *pro se*, thus waiving any objections or exceptions to insufficient service. The record reflects that Appellant was served personally with the Motion to Lift Stay via private process server on October 28, 2019. Appellant was also served with the writ of seizure and sale of the property the same day.

The trial court heard Fidelity's Motion to Lift Stay of the seizure and sale of the property on November 22, 2019. Appellant did not appear for the hearing. The trial court lifted the stay of the seizure and sale of the property. The trial court signed the written judgment on December 4, 2019, and notice of the signed judgment was mailed that same day. The property was sold on December 19, 2019. Appellant filed his Notice of Appeal on December 27, 2019.

While this appeal was pending, on July 6, 2020, Fidelity filed a separate Motion to Dismiss Appeal, arguing that the appeal should be dismissed because it was both moot and untimely. Fidelity argued that, because the property has already been seized and sold, the issue of whether the trial court properly denied Appellant's petition for preliminary injunction and subsequently lifted the stay allowing the sale of the property to proceed is now moot. Fidelity also argued that Appellant did not file his notice of appeal within the fifteen-day delay mandated in an executory proceeding.

## DISCUSSION

On appeal, Appellant argues that the seizure and sale of the property is fraudulent and in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), though he does not state what those violations were or how the fraud occurred. He also claims for the first time that he is entitled to $300,000 in damages as a result of this proceeding. Appellant also argues, without any factual support, that the Orleans Parish Civil District Court Clerk's Office improperly handled the documents associated with this case and that the trial court's signature is a forgery, though he does not state the signature to which he is referring. Appellant disputes that he was served with the petition or the writ of seizure and sale. At the conclusion of his brief, Appellant seems to concede that his mother executed the promissory note and mortgage at issue here, but argues that it was "predatory lending" on the part of Fidelity.

Fidelity counters first that Appellant was, in fact, served with notice of the November 22, 2019 hearing and attached photographs of Appellant holding his notice after being personally served on October 28, 2019. Fidelity also argues that Appellant is not entitled to damages under RICO and, even so, that would not be a

5

basis upon which this Court can review the order lifting the stay of the seizure and sale of the property. Fidelity also argues that there was never any basis to enjoin the seizure and sale of the property because the debt was not extinguished, was legally enforceable, and all requirements of executory proceedings were followed.

La. C.C.P. art. 2642(A) provides that a defendant in an executory proceeding may seek an injunction from the trial court to halt the seizure and sale of property by executory process. A trial court's grant or denial of an injunction is reviewed under the abuse of discretion standard. *Meredith v. I Am Music, LLC*, 2018-0659, p. 4 (La. App. 4 Cir. 2/13/19); 265 So.3d 1143, 1145-46. *See also Rand v. City of New Orleans*, 2012-0348, p. 3 (La. App. 4 Cir. 12/13/12), 125 So.3d 476, 479.

Before we consider the merits of the trial court's denial of the preliminary injunction in the instant appeal, we must first address whether the appeal is both moot and untimely.

"When all of the legal controversies arising from a judgment become moot, an appellate court effectively lacks jurisdiction as there is no subject matter on which the judgment can operate." *Allums v. Allums*, 2017-0021, p. 3 (La. App. 4 Cir. 5/31/17), 221 So.3d 191, 193 (citing *Joseph v. Ratcliff*, 2010-1342, p. 7 (La. App. 1 Cir. 3/25/11), 63 So.3d 220, 225). "The justiciable controversy must normally exist at every stage of the proceeding, including appellate stages. Any judicial pronouncement after the controversy lapses is an impermissible advisory opinion." *Id.* An appellate court may order the dismissal of a matter on its own motion as a matter of judicial economy when the issues presented in the matter have become moot. *Id.* (citing *Cory v. Cory*, 43,447, p. 6 (La. App. 2 Cir. 8/13/08), 989 So.2d 855, 859-60).

A preliminary injunction, such as the one sought in this matter, "is an interlocutory device designed to preserve the existing status pending a trial of the issues on the merits of the case." *Jackson v. Dobard*, 2015-0505, p. 3 (La. App. 4 Cir. 12/9/15), 182 So.3d 1119, 1121 (quoting *Oestreicher v. Hackett*, 1994-2573, p. 5 (La. App. 4 Cir. 5/16/95), 660 So.2d 29, 32); *see also Enmon Enterprises, LLC v. City of New Orleans ex rel. New Orleans Aviation Bd.*, 2015-0763, pp. 3-4 (La. App. 4 Cir. 5/4/16), 194 So.3d 709, 711-12. "[W]hen an appeal is taken from an order denying injunctive relief and the act sought to be enjoined is accomplished pending appeal, the appeal will be dismissed as moot." *Id.*, 2015-0505, p. 4, 182 So.3d at 1121 (quoting *City of New Orleans Through Dep't of Safety & Permits v. Bd. of Comm'rs of Orleans Levee Dist.*, 1996-0535, p. 3 (La. App. 4 Cir. 9/26/96), 694 So.2d 975, 977). In such cases when the action sought to be enjoined has already occurred, "the propriety of the trial court's action in denying or granting the injunction will not be considered by the reviewing court." *Whitney Nat. Bank of New Orleans v. Poydras Ctr. Associates*, 468 So.2d 1246, 1248 (La. App. 4 Cir. 1985) "Injunction may be used to prevent but not to correct the wrong; it cannot be employed to redress an alleged consummated wrong or undo what has already been done." *Verdun v. Scallon Brothers Contractors, Inc.*, 263 La. 1073, 1078, 270 So.2d 512, 513 (1972).

Because the property was sold before Appellant took his appeal, it is now impossible for this Court to grant injunctive relief or stay the sale of the property, and no judgment that this Court could render on the merits of the appeal can be made effective. *See Mr. Pizza, Inc. v. Furlow*, 230 So.2d 649, 652 (La. App. 4 Cir. 1970) (holding that the appeal must be dismissed where the sale of property by executory process had already taken place at the time of the appeal); *Bradley &*

7

*Braud, Inc. v. Canady*, 342 So.2d 1184, 1185 (La. App. 1 Cir. 1977)("It is correct that a[n]…appeal from a judgment refusing to grant an injunction is a moot question when the property has already been seized and sold"). Accordingly, we must dismiss the appeal because the issues presented herein are moot.

Even if the issues presented in this matter were not moot, we lack jurisdiction to consider them because the appeal is untimely. Untimeliness of an appeal is a jurisdictional defect. "Louisiana jurisprudence is clear that timeliness of an appeal is jurisdictional, and neither the trial court nor the appellate court has the authority to extend this delay." *Dew v. Blankenship*, 2014-649, p. 3 (La. App. 5 Cir. 9/30/14), 150 So.3d 934, 935 (citing *Seaman v. Seaman*, 2010-1295, p. 6 (La. App. 3 Cir. 12/15/10), 54 So.3d 756, 760); s*ee also State ex rel. E.A.*, 2002-996, p. 3 (La. App. 3 Cir. 10/2/02), 827 So.2d 594, 596. "Absent a timely motion for appeal, the appellate court lacks jurisdiction over the appeal." *Id.*, 2014-649, pp. 3-4, 150 So.3d at 935 (citing *Davis v. Caraway*, 2013-619, p. 2 (La. App. 5 Cir. 2/12/14), 136 So.3d 81, 82)(internal citation omitted).

La. C.C.P. art. 2642(B) provides that if the defendant in the executory proceeding chooses to appeal the trial court's order directing the issuance of the writ of seizure and sale of the property, the defendant must take a suspensive appeal within fifteen days from the service of the notice of seizure. The record shows that Appellant was served with the writ of seizure and sale personally via private process server on October 28, 2019. Appellant did not take his appeal until sixty days later on December 27, 2019, which is well outside the fifteen-day delay mandated by La. C.C.P. art. 2642(B). Accordingly, we lack jurisdiction to consider the appeal and it must be dismissed.

8

## DECREE

For the foregoing reasons, we grant Fidelity's Motion to Dismiss and the appeal is dismissed.

**APPEAL DISMISSED**