ON REHEARING
1STOKER, Judge.
This is a legal malpractice case. The law governing the case is clear, and the case *239 presents no legal issues. The facts as found by the trial judge are reasonably based. Therefore, this court is bound by the trial judge’s findings of pure fact under the manifest error-clearly wrong rule. In fact, regarding the pure facts of the case (as distinguished from inferences of fact), there is no substantial difference between the trial judge’s finding of fact and the facts as stated in the majority opinion on original hearing.
THE ISSUE
Under the circumstances, the issue in this case is whether, in representing plaintiffs,[1] Calvin E. Woodruff, Jr., plaintiffs’ attorney, did or failed to do certain things which amounted to legal malpractice.
2PROCEEDINGS IN THIS COURT
On original hearing three judges perceived the conduct of the defendant attorney to be malpractice, and two judges disagreed and dissented, 636 So.2d 226. On this rehearing a majority of three judges perceive no malpractice in the actions of the defendant attorney.[2] Accordingly, we affirm the judgment of the trial court.
DISCUSSION
The facts of this ease were discussed at length in the majority opinion on original hearing. On original hearing the author of this present opinion attached and made a part of his dissent the written reasons given by the trial judge. We incorporate and make a part of this opinion the dissenting opinion of Stoker, J., on original hearing and the written reasons of the trial judge. Considering these previous reviews, no extensive discussion of facts is needed now.
We will point out the salient points which convince this majority that the defendant attorney was not guilty of malpractice. We are convinced, as the trial judge was, that Alex Abshire was not a naive actor and was the author of the engagement in which he entered. He was not interested in any advice from his attorney which would jeopardize the deal which Abshire structured. Ab-shire did accept the suggestion of his attorney that he require a manual pledge of 100% of the stock of PAB Oil & Chemical Service, Inc. which he and his wife were selling to secure the $90,000 note of the purchasing company, Services World-Wide, Ltd. As a result, the Abshires held in their very hands as security the tangible legal representation of that which they had sold.
Under the terms of the credit deed, the three notes given by Jack Clothier, William H. Lambert and Services World-Wide, Ltd. represented the consideration for the sale. Although the credit deed described the notes as payable to holder or |3holders, they were actually bearer notes payable on demand. Therefore, the Abshires could have immediately demanded payment of all three of the notes any time they wished. Upon nonpayment, the Abshire were in a position to get their property back through recovery of the stock in PAB.
Some confusion exists because there appears to have been some understanding that the $450,000 not paid in cash could be paid in. installments beginning with $50,000 per month. (This had been Woodruffs understanding when he prepared the corporate minutes to authorize the transaction.) The failure of Services World-Wide, Ltd. to pay the first two installments brought a remonstrance from the Abshires through Woodruff. Continued failure to make payments should have led the Abshires to take legal action then and there.
Early legal action by the Abshires would have at least permitted them to get their property back. It is our opinion that, if *240 realizing the $450,000 in money was all-important to the Abshires, then they should have instructed Woodruff to make the title examinations and other legal research which they claim he should have undertaken without instructions to do so. We note also that some of what the Abshires claim Woodruff should have done was outside the field of expertise of an attorney at law. Much of what the Abshires now claim Woodruff should have done would have required research and investigation by experts in the field of finance and business.
For the reasons given above, including the reasons for judgment given by the trial judge and the dissenting opinion of Stoker, J., on original hearing, we are of the opinion that the trial judge correctly rejected the demands of the plaintiffs. Accordingly, we affirm the judgment of the trial court. We assess the costs of this appeal to the appellants.
AFFIRMED ON REHEARING.
YELVERTON, J., dissents for the reasons expressed in the original opinion.
THIBODEAUX, J., dissents and assigns reason.

. The caption of this case shown on the cover of the record lists Alex Abshire only as the plaintiff. In fact, the petition lists both Alex Abshire and his wife, Mary Ann Pere Abshire, as plaintiffs. Mrs. Abshire owned 50% of the shares of stock in PAB Oil & Chemical Service, Inc.

. The Honorable Sylvia R. Cooks, Judge, participated in this case as an original member of the panel which heard this case, first as a three-judge panel and then as a five-judge panel. Following the rendition of the original majority opinion, which gave judgment to the plaintiffs, Guidry, Stoker and Cooks, JJ. voted to grant a rehearing. Thereafter, Judge Cooks was re-cused, and the Honorable John D. Saunders, Judge, participated in this rehearing in place of Judge Cooks.