692 So.2d 358 (1997)
In re Judge Henry H. LEMOINE, Jr.
No. 96-0-2116.
Supreme Court of Louisiana.
April 4, 1997.

*359 ON APPLICATION FOR REHEARING
PER CURIAM.[*]
This per curiam is in response to the Judiciary Commission's application for a rehearing. The rehearing is granted, the original decree reinstated, and the reasons in support of the opinion amended in part.
In the matter of the imposition of discipline for a judge's failure to recuse himself in a civil case when grounds for recusal exist, we concluded in our original opinion that there is no authority in the Judiciary Commission to recommend discipline, or in this Court to impose discipline, because the Code of Judicial Conduct, as applicable at the time of these offenses, simply deferred to statutory law,[1] and because the relevant statute in civil cases, C.C.P. art. 151, lists only a permissive, not mandatory, ground for recusal for the situation in which the judge has been "associated" with an attorney in the case. In this per curiam upon grant of rehearing, we now hold, for the reasons which follow, that a judge's not recusing himself in a case in which a party is represented by an attorney with whom the judge is associated, may, if sufficiently serious, constitute the punishable misconduct contemplated by and described in the Louisiana Constitution.[2]
It is true, of course, that there was in this case no distinctly applicable ethical canon or statutory mandate, no "shall be recused" provision in Code of Civil Procedure Article 151(B), regarding civil recusal, as is found in Article 671 of the Code of Criminal Procedure.[3] On the other hand, constitutional misconduct is not delimited by statutes or the absence of statutes, nor is it imperative that any given serious misconduct be specifically proscribed by the canons of the Code of Judicial Conduct (which are promulgated by this Court under its rule making authority). If there is misconduct as defined in the Constitution, it is irrelevant that no statute or ethical canon has specifically been violated.
A judge's clear violation of a statute is misconduct, because it is a judge violating the law, and such disobedience or disrespect for the law, which his very oath commands that he support, constitutes "willful misconduct relating to his official duty," under Art. V, § 25(C) of the Constitution. Such a statutory violation would also constitute an ethical breach under Canon 2 of the Code of Judicial Conduct. At the time of Judge Lemoine's violation of C.Cr.P. art. 671, Canon 2, titled "A Judge Should Avoid Impropriety and the Appearance of Impropriety in All Activities," provided in part:
A. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. (Emphasis supplied).[4]
*360 On the other hand, violation of law is not a necessary prerequisite for finding misconduct warranting judicial discipline. Rather, even absent deviation from some statutory provision (or for that matter, absent the violation of a canon of the Code of Judicial Conduct), a judge's misconduct may be so serious as to constitute that type of "willful misconduct relating to his official duty, willful and persistent failure to perform his duty, [or] persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute..." and warrant discipline under Art. V, § 25(C).
From this we see that the absence of a statute ordering a judge to recuse himself, and the absence of a pertinent ethical canon, does not insulate that judge from discipline for not recusing himself in a civil case, contrary to what we said in our original opinion. For instance, C.C.P. art. 151(B) may not recite, as does C.Cr.P. art. 671, that a judge "shall be recused" for any of the enumerated grounds, but his conduct in sitting in such a case may well constitute conduct that brings the office into disrepute, and be of such a serious nature as to warrant discipline. Our comment above is applicable to what is involved in this case, C.C.P. art. 151(B)(1)a judge's association with an attorney during the attorney's employment in the cause, if such misconduct is serious and so improper as to constitute "willful misconduct relating to his official duty, willful and persistent failure to perform his duty, [or] persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute."
Of course, association with an attorney in the cause need not necessarily be misconduct that brings the judicial office into disrepute. For instance, the association may be of a non-legal sort and not otherwise sufficiently offensive as to bring the judicial office into disrepute. Or the parties may choose to have the judge continue in the case, knowing full well of the association. In these situations, coupled with the judge's obligation to decide cases properly brought before him, a reasonable reviewing court might well conclude that there has not been misconduct at all, or that there has not been misconduct so serious to warrant a finding that he has brought the judiciary into disrepute by being associated with an attorney in a case before him.
Our conclusion, therefore, is that a judge's failure to recuse himself in a civil case may, under certain circumstances, but need not in all instances, constitute the type of punishable misconduct envisioned by the constitutional prohibitions outlined above. And further, by violating the Constitution, such a serious failure to recuse may constitute a breach of Canon 2, which states that judges should "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary," and perhaps Canon 1 as well, with its general exhortation to preserve the integrity of the judiciary through high standards of conduct.
In Judge Lemoine's case, his not recusing himself in the criminal cases, we have already said in the original opinion, constituted "willful misconduct relating to his official duty ... [and] willful and persistent failure to perform his duty," because he disobeyed a statute's provision that he "shall be recused" and because the matter was sufficiently serious to warrant public censure. Judge Lemoine was heavily involved with Harold A. Van Dyke, an attorney with whom he co-owned the "Lemoine-Van Dyke Law Center," and with whom he associated himself on a total of 21 cases, either by referral or shared representation, after taking office as Pineville City Court judge in 1991. Attorney Van Dyke appeared before Judge Lemoine's court 25 times, 20 of which involved criminal cases and 5 of which involved civil matters. With Michael A. Brewer, another attorney, Judge Lemoine entered into a "Flexible Legal Agreement," by which he would provide Brewer overhead and miscellaneous incidentals in addition to office space in the "Lemoine-Van-oine-Van *361 Dyke Law Center," in exchange for a share of legal fees earned by Brewer. Pursuant to that agreement, Judge Lemoine and Attorney Brewer entered into fee arrangements in three separate cases after Judge Lemoine took office. Attorney Brewer appeared before Judge Lemoine's court 7 times, 1 of which was a criminal matter, and 6 of which were civil matters. All of this brought Judge Lemoine under the umbrella of Article 671, which dictated that he "shall be recused." His failure to do so thus warranted public censure.
Judge Lemoine's persistent failure to recuse in the 11 civil cases handled by either of his associates, Van Dyke or Brewer, does not constitute the express violation of a statute. Whether his not recusing himself in those cases because of the association was sufficiently serious, as a stand-alone proposition, to implicate the constitutional proscriptions against "willful misconduct relating to his official duty, willful and persistent failure to perform his duty, [and] persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute," is a matter that we need not decide in this case, for even if his conduct in the civil cases were sufficiently serious to qualify as constitutional misconduct, we would not be disposed to increasing the punishment imposed on respondentpublic censure for not recusing himself in the 21 criminal casesbecause he has already been removed from the bench by the voters in his district.
With this qualification, the original opinion's public censure of Judge Lemoine is reinstated.
NOTES
[*] Marcus, J., not on panel, Rule IV, Sec. 3.
[1] Canon 3C, at the time of these offenses, provided simply that "[t]he recusation of judges is governed by law."
[2] We deem it wise in this per curiam to restate what we said in the original opinion. This case arose under the canons of the Code of Judicial Conduct in place preceding the most recent amendments, effective 7/8/96. Prior to its amendment, Canon 3(C) provided as indicated in footnote 1 supra. As amended, Canon 3(C) now provides:

C. Recusation. A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned and shall disqualify himself or herself in a proceeding in which disqualification is required by law or applicable Supreme Court rule. In all other instances, a judge should not recuse himself or herself.
[3] The Commission argues that C.C.P. art. 154 "directs when a judge must recuse [himself] in a civil case." Quite to the contrary, art. 154 speaks only to the circumstance in which a motion to recuse has been filed by one of the parties. It is an unsupported leap to transform C.C.P. art. 154 into a stand-alone provision regarding civil recusal. In the instant case, no motion to recuse was filed by either of the parties; hence, art. 154 is inapplicable here.
[4] Such a statutory violation might well also violate the more general admonitions contained in Canon 1, titled "A Judge Should Uphold the Integrity and Independence of the Judiciary," which, at the time of these events, stated:

An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should personally observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code [are to] be construed and applied to further that objective. As a necessary corollary, the judge must be protected in the exercise of judicial [independence].