| JOHNSON, Justice, dissenting.
I do not agree that Judge Sylvia Cooks’ conduct warrants public censure.
Canons 1, 2, and 3 of the Code of Judicial Conduct were of little assistance to a new judge struggling to determine whether he/ she should be recused in a particular case. In my experience, the only assistance comes from reading La. C.C.P. Art. 151 and discussing the issue with colleagues who have had actual experience with recusal issues.
What we have in this case is a newly elected Judge who sought to be recused in Abshire v. National Union Fire Insurance, 636 So.2d 226 (La.App. 3rd Cir.1993). When Judge Cooks suggested to her fellow panel members that she knew the lawyer charged with malpractice in this case and was friends with Alex Abshire (no relation to Jane Ab-shire ) and his wife, her fellow panel members let her know that her friendship with this attorney was not sufficient grounds for recusal. (She voted with the majority in finding Abshire guilty of malpractice. She was then recused and the decision overturned on rehearing [Abshire v. National Union Fire Insurance, 636 So.2d 238 La. App. 3rd Cir.1994]).
Abshire I is consistent with our language, In re: Judge Henry Lemoine, Jr., 96-2116, 692 So.2d 358 (LA 4/4/97), where the court said “... association with an attorney in the cause need not necessarily be misconduct that brings the judicial office into disrepute.”
Judge Cooks was told in Abshire I that she was irresponsible and inconveniencing her fellow panel members when she recused herself. Now she has been censured in Abshire v. Lafayette Parish School Board, 619 So.2d 103 (La.App. 3rd Cir.1993) because the “circumstantial evidence of bias or prejudice is so overwhelming that no reasonable judge would |2hear the case.” (The suit involving Alex Abshire was decided in the Third Circuit on March 17, 1993; the suit involving Jane Abshire was decided in the Third Circuit on May 28,1993).
In this decision, we' have moved from a presumption that Louisiana judges can be fair and impartial to a presumption of prejudice with a showing of association or relationship within a certain degree. Despite concrete evidence in thousands of Louisiana judgments and opinions that judges have ruled against friends, with this presumption of prejudice and bias, every judgment is suspect.
Who will be the final arbiter of the judges’ ability to separate their friendship and relationship with lawyers and litigants from the merits of the case? This is a clear case of being damned if you do and damned if you don’t.