| TOBIAS, J.,
concurs in part, dissents in part, and assigns reasons.
I respectfully concur in part and dissent in part.
I agree with the majority that the state’s assignments of error numbers 1, 3, 6, 8 and 10[1] are presently moot based upon the majority’s decision.
I agree, for the reasons assigned by the majority, that the present case is neither an admiralty nor maritime claim. Therefore the trial court erred in denying the state a jury trial pursuant to La. R.S. 13:5105.[2]
I respectively dissent from majority’s conclusion that the Honorable Manuel A. “Manny” Fernandez should not have been recused as the trial judge.
I have examined our prior denials of the applications for supervisory writ in numbers 2002-C-0198 and 2002-C-0545, which also address the failure of the trial court to recuse Judge Fernandez; our order in supervisory writ number 2002-C-0684 requiring the random reallotment of the second motion to recuse; and our writ |2grant in supervisory writ number 2002-C-1977 c/w 2002-C-1978, ordering the trial judge to hold a hearing and determine the motion to recuse on evidence. The denials (in numbers 2002-C-0198 and 2002-C-0545) were based upon the state’s failure to provide documentation, such as a copy of a relevant pleading, a transcript, or proof that documents attached to the application were introduced and/or produced to the trial court for its consideration. Therefore, the denials do not constitute the law of the case and are without res judicata effect.
*647 I am very reluctant to recuse a judge. Nevertheless, a court has a duty to assure that any judgment rendered is not subject to question because of the actual or perceived partiality of the trier of fact. In this case I find that the following actions, among others, call into question Judge Fernandez’s impartiality, establish bias, and require the trial judge’s recusal:
(a) the trial judge’s knowledge of and association with the drafting of the indemnity and liability clause contained in the water bottom leases at issue in the case and the reasonable possibility and probability that he might be required to give testimony on the issue;
(b) the failure of the trial judge to disclose to all parties his association with (representation of) one of the parties to the suit;
(c) the referral of the motion to recuse to the known duty judge of the trial court when La. C.C.P. arts. 155 and 253.1 require the random allotment of the motion to recuse among other members of the court;
(d) the issuance by the trial judge of a per curiam explaining why he did not believe he should be recused without being requested to do so by another judge or court, thus becoming an advocate;[3] and
|3(e) the dictates of Canons 2, 3A, and 3C[4] of the Code of Judicial Conduct. See also In re Cooks, 96-1447 (La.5/20/97), 694 So.2d 892, and In re Lemoine, 96-2116 (La.4/4/97), 692 So.2d 358, relating to censure of a judge who fails to disclose his or her relationship with counsel in a case.
The totality of the foregoing, although the mere appearance of impropriety alone is insufficient to warrant a recusal, demonstrates to me that the majority errs.
I respectfully dissent from the failure of the majority to address the assignments respecting whether the plaintiffs had a legal right to recover from the state the cost of restoring the state’s own water bottoms.
The Louisiana Supreme Court has specifically held that an oyster leaseholder has no right to recover the cost of restoring the state’s own water bottoms. Inabnet v. Exxon Corp., 93-0681, p. 20 n. 15 (La.9/6/94), 642 So.2d 1243, 1255-56; see also Avenal v. State, Dept. of Natural Resources, 2001-0843 (La.App. 4 Cir. 10/15/03), 858 So.2d 697, 709 (Tobias, J., dissenting), writ granted, 2003-3521 (La.1/30/04), 864 So.2d 638.
Finally, I respectfully dissent from the majority’s failure to address whether the plaintiffs’ claims are prescribed. As this same panel of judges finds as fact in another appeal of this same case (number 2002-CA-0527), the plaintiffs’ damages manifested themselves before the Caernar-von became operational in the summer of 1991. I have explained in detail in my dissent in Avenal, supra, that the state did *648 not by operating the Caernarvon appropriate or inversely condemn the plaintiffs’ leaseholds; they are thereby precluded from asserting a three-year prescriptive period under La. R.S. 13:5111. The plaintiffs’ claims are mere claims for damages, having a two-year prescriptive period under La. R.S. 9:5624. The | ¿plaintiffs’ present suit was filed more than two years after the Caernarvon began operating. Their claims are untimely, even assuming that these plaintiffs might have at one point been class members in Avenal before they opted out of the class prior to 15 January 1997. Accordingly, I find that we should hold in the present case that the plaintiffs’ claims are time barred and dismiss their suit, thereby terminating this litigation.

. These five assignments of error deal, respectively, with the "causative link between the Caernarvon freshwater diversion structure and any allegedly adverse effects to oyster leases in Lake Borgne”; the fair market value of the plaintiffs' oyster leases as determined by the trial court; the failure of the trial court to recognize the indemnification and hold harmless clauses in the plaintiffs’ leases with the state; the state’s use of the police power by inserting the indemnity clauses in the leases and pursuing coastal restoration; and discovery and evidentiary rulings.

. These are the state's assignments of error number 4 and 7.

. Once a judge determines that a motion to recuse is properly referred to another judge for decision, it is the duty of the lawyers in the case and to a lesser extent the judge to whom the case is referred, not the duty of the judge sought to be recused, to establish the facts and defenses to the recusal. See Canon 2B of the Code of Judicial Conduct, which states that: "A judge shall not initiate the communication of information in any court or disciplinary proceeding, but may provide such information for the record in response to a formal request by a court or disciplinary agency official.”

. "A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned and shall disqualify himself or herself in a proceeding in which disqualification is required by law or applicable Supreme Court rule.”