STATE OF LOUISIANA

VERSUS

LAWRENCE STAEHLE

NO. 22-K-335

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
Chief Deputy, Clerk of Court

_____August 23, 2022_____

Susan Buchholz
Chief Deputy Clerk

IN RE LAWRENCE STAEHLE

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE CONNIE M. AUCOIN, DIVISION "C", NUMBER 21,284

Panel composed of Judges Marc E. Johnson,
John J. Molaison, Jr., and June B. Darensburg

**WRIT GRANTED**

Relator/Defendant, Lawrence Staehle, seeks review of the trial court's July 5, 2022 denial of his motion to recuse. For the following reasons, we grant the writ application and remand the matter for further proceedings.

Procedural History

On July 19, 2021, the St. Charles Parish District Attorney filed a bill of information charging Defendant, Lawrence Staehle, with second degree kidnapping, in violation of La. R.S. 14:44.1 (count one), and aggravated second degree battery, in violation of La. R.S. 14:34.7 (count two). On December 29, 2021, the State filed its "Notice of Intent to Introduce Evidence of Similar Crimes, Wrongs, or Acts in a Domestic Abuse Case." Defendant filed "Defendant's Memorandum in Opposition to State's Motion in Limine to Confirm Admissibility of Similar Crimes, Wrongs, or Acts Pursuant to La. C.E. 412.4 and 404(B)" on March 14, 2022. On March 17, 2022, the State filed a Notice of Supplemental Discovery. The trial court held a hearing on the matter on the same day and granted the State's motion.

On March 31, 2022, Defendant filed a "Motion to Recuse Judge and to Place Motion Under Seal with Incorporated Memorandum." Judge M. Lauren Lemmon, the trial judge, ordered that the matter be re-allotted for a hearing on the motion to recuse. The case was then randomly re-allotted to Division "C", Judge Connie M. Aucoin, on that same date.

On April 4, 2022, Judge Lemmon issued an order of recusal. In that order, Judge Lemmon self-recused, and she provided the following:

Presently pending is a Motion to Recuse the undersigned judge, which was filed following a ruling by the Court on certain evidentiary issues. The motion initially was referred to another judge of this Court rather than granted. The Court felt then, and feels now, that it was and could continue to be impartial in its rulings in this matter. Nonetheless, the Court also freely acknowledges that in prior cases it has recused itself in certain cases involving allegations regarding certain crimes with which the Court has personal familiarity due to close relationships with the victims. The Court also is mindful of Canon 3C that instructs that a judge "should recuse" in a proceeding where "the judge's impartiality might reasonably be questioned", and, as the movant points out, the circumstances of this case present "extremely high stakes" for the defendant and for the State. While the Court maintains that it could continue to be fair and impartial in this matter, and that its rulings were not affected by bias or prejudice, the motion itself presents a distraction and a delay in the resolution of this matter that could prejudice one or both parties and could impeded [sic] the just resolution of this case. For these reasons, the Court hereby enters this Order recusing itself from this matter.

The matter was then re-allotted to Division E, Judge Timothy S. Marcel, on April 6, 2022. Thereafter, on April 19, 2022, an "Order Vacating Reallotment" was signed by Judge Marcel. In the order, Judge Marcel stated:

The above entitled and numbered cause was reallotted to this Division from Division "D" on April 7, 2022 on the Order of recusal issued by the Division "D" Judge. For the grounds set forth in the written reasons issued herewith,

IT IS ORDERED that the reallotment of the above entitled and numbered case to Division "E" is hereby vacated.

IT IS FURTHER ORDERED that the Clerk of Court shall reinstate allotment of the motion to recuse filed by the defendant on March 31, 2022 to Division "C" of this District."

Judge Marcel also issued "Reasons for Order Vacating Reallotment" on that date.[1] In it, he concluded that his order vacated re-allotment of this case to Division "E" and allowed the case to revert to Division "C" for further proceedings on Defendant's motion to recuse. Afterwards, on April 14, 2022, Defendant filed a "Motion for New Hearings on the State's Three Motions in Limine" with the trial court.

On April 28, 2022, counsel for Judge Lemmon filed an "Application for Clarification of Order for Self Recusal and/or Application for Recusal" with the

---

[1] In the "Reasons for Order Vacating Reallottment," Judge Marcel explained that re-allotment of this case to his division created "significant procedural due process issues." He reasoned that under La. C.Cr.P. art. 673, Judge Lemmon did not possess power or authority to issue the Order of Recusal after the case was transferred to Division "C" on March 31, 2022. He stated that on its face, the Order of Recusal did not present any mandatory grounds for disqualification under La. C.Cr.P. art. 671. He provided that the jurisprudence interpreting Judicial Canon 3(C) reflects that a determination should be made following an evidentiary hearing on the defendant's motion to recuse. He indicated that this case demonstrated "the foreseeability that, in an allotted case, the Division 'D' Judge could be disqualified based on prior orders of recusal after having performed judicial acts of setting bail, appointing counsel, and ruling on pre-trial motions."

Louisiana Supreme Court. In it, counsel for Judge Lemmon requested that the Louisiana Supreme Court recognize or reinstate her Order of Recusal in this case.[2,3]

On May 6, 2022, in case number 22-OK-00702, Judge Marcel filed a "Memorandum in Response to Application for Clarification of Order for Self Recusal and/or Application for Recusal Filed by District Court Judge M. Lauren Lemmon" with the Louisiana Supreme Court. There, Judge Marcel largely raised the same arguments as set forth in his "Reasons for Order Vacating Reallotment."[4]

On May 18, 2022, in case number 22-OK-00702, the State filed an "Application for Appointment of Judge Ad Hoc" with the Louisiana Supreme Court. The State requested that an *ad hoc* judge be appointed to preside over the remainder of the case. Thereafter, in 22-OK-00702, Defendant filed a "Memorandum in Opposition to the State's Application for Appointment of Judge Ad Hoc for Trial" with the Louisiana Supreme Court. In the opposition, Defendant argued that the State's application was premature and that the interest of justice would not be served by the appointment of another *ad hoc* judge.

On June 8, 2022, the Louisiana Supreme Court denied the writ application. *See State v. Staehle*, 22-702 (La. 6/8/22), 338 So.3d 1198.[5] Later, a letter dated June 15, 2022, from the Louisiana Supreme Court addressed to an assistant district attorney[6] provides, "This is to advise that the court took the following action on your Motion for Appointment of Judge Ad Hoc filed in the above entitled matter. Motion for Appointment of Judge Ad Hoc denied."

Subsequently, Judge Aucoin then set the motion to recuse for hearing on July 5, 2022. This writ application contains a letter dated June 18, 2022, from Defendant's counsel directed to Judge Lemmon's attorney. In it, Defendant requested that Judge Lemmon voluntarily appear at the hearing and give testimony relevant to the motion to recuse.[7] Thereafter, on June 20, 2022, Judge Lemmon's counsel sent a letter via e-mail denying the request.

On June 20, 2022, Defendant filed a "Motion for Court to Recognize and Accept Judge Lemmon's Order of Self-Recusal in Lieu of Recusal Hearing" with the trial court. In that motion, Defendant averred that the court should "simply recognize and accept Judge Lemmon's self-recusal order, pursuant to Judicial Canon 3C, in lieu of having a hearing on the motion to recuse—especially considering that Judge Lemmon has already recused herself in this case."[8]

---

[2] In the application, Judge Lemmon's counsel argued that Judge Marcel's analysis of a judge's continued power to recuse was incorrect. Counsel argued that La. C.Cr.P. art. 672 provided the judge with the power and authority to recuse herself pending a hearing on the motion to recuse. Counsel indicated that Judge Lemmon maintained that she believes her impartiality "could be reasonably questioned" and warranted recusal pursuant to Judicial Canon 3(C).

[3] On May 11, 2022, Defendant filed "Defendant's Memorandum in Support of Judge M. Lauren Lemmon's Application" in case number 22-OK-00702 with the Louisiana Supreme Court.

[4] Judge Marcel averred that Defendant's motion to recuse should be set for a hearing and then written reasons for judgment should be issued regarding Judge Lemmon's ability to impartially preside over this category of cases.

[5] It is noted that the Louisiana Supreme Court's decision states, "IN RE: Honorable Judge M. Lemmon, Division 'D' of the 29th Judicial District Court of St. Charles Parish – Application Other, Applying for Supervisory Writ, Parish of St. Charles, 29th Judicial District Court Court Number(s) 21-0284."

[6] It is noted that the letter was addressed to Louis Gerard Authement, and his name appears on the State's application filed with the Louisiana Supreme Court.

[7] In this letter, counsel indicated that a motion to recuse was scheduled for July 5, 2022, and that she wanted to call Judge Lemmon as a witness during the hearing. Defendant's counsel acknowledged that La. C.E. art. 519 prohibits a judge to be subpoenaed in a case for the "mere purpose of seeking recusal of the judge."

[8] In the "Motion for Court to Recognize and Accept Judge Lemmon's Order of Self-Recusal in Lieu of Recusal Hearing," Defendant stated that the Louisiana Supreme Court denied Judge Lemmon's writ application

On June 21, 2022, Judge Aucoin issued an "Order Denying Defendant's Motion for Court to Recognize and Accept Judge Lemmon's Order of Self Recusal In Lieu of Recusal Hearing with Reasons." Judge Aucoin determined that the motion was not timely because Defendant failed to file his writ application with this Court regarding the April 19, 2022 "Order Vacating Reallotment."[9] On July 5, 2022, Judge Aucoin denied the motion to recuse after a hearing. The filing of the instant writ application followed.

Law and Analysis

In this writ application, Defendant argues that Judge Aucoin erred by denying his motion to recuse Judge Lemmon. Defendant contends that, due to the similarities between this case and other cases where Judge Lemmon recused herself, it is logical and reasonable to infer that she is biased and unable to conduct fair and impartial proceedings here. In denying the motion to recuse, Defendant asserts that Judge Aucoin held that Judge Lemmon was already divested of jurisdiction and no longer had authority to self-recuse at that time. He maintains that the Louisiana Code of Criminal Procedure clearly allows a judge to self-recuse after a motion to recuse is filed. He contends that Judge Lemmon's self-recusal was based on Code of Judicial Conduct, Canon 3(C), which forms a separate and distinct basis for self-recusal and does not provide any time limitation for a judge to self-recuse. Additionally, he disagrees with Judge Aucoin's holding that there were no valid grounds for Judge Lemmon's recusal. He disagrees that Judge Lemmon's other orders for self-recusal in similar cases were too vague to constitute valid grounds for recusal.

Defendant alleges that Judge Aucoin submitted that a judge has a duty and an obligation not to recuse themselves from a case without a valid, reasonable, objective basis. He contends that neither La. C.Cr.P. art. 671 or Code of Judicial Conduct, Canon 3(C), require a judge to state with specificity the factual grounds for self-recusal. He contends that the carefully considered conclusion by Judge Lemmon should be sufficient. Defendant points out that there is strong circumstantial evidence supporting recusal in his motion, that Judge Lemmon self-recused in this case, and that the State did not challenge the grounds for Judge Lemmon's self-

---

without addressing the merits. Defendant further stated that the Louisiana Supreme Court notified the parties by letter that the State's motion for appointment of an *ad hoc* judge was also denied. He claimed that the Louisiana Supreme Court indicated that it wanted the "members" of the 29th Judicial District Court to resolve the matter on their own. He provided that Judge Lemmon already recused herself and acknowledged that it is reasonable to question her impartiality in both her "Order of Recusal" and her application to the Louisiana Supreme Court. He asserted that La. C.E. art. 519 prohibited him from issuing a subpoena to Judge Lemmon for the recusal hearing, and thus, he would not be able to present any additional evidence. Defendant stated that he would only be able to present Judge Lemmon's order of self-recusal, the aforementioned applications of Judge Lemmon and the State to the Louisiana Supreme Court, and evidence that Judge Lemmon has recused herself in an additional sex crime case since the filing of the motion to recuse. Defendant asserted that a hearing on the motion to recuse was only required if the judge did not self-recuse. As such, Defendant contended that there was no need for a hearing on the motion to recuse and that another order of recusal should be issued based on the record.

[9] In the "Order Denying Defendant's Motion for Court to Recognize and Accept Judge Lemmon's Order of Self Recusal in Lieu of Recusal Hearing with Reasons," Judge Aucoin provided in part that on April 25, 2022, defense counsel filed a notice of intent to apply for a writ of certiorari with this Court from the April 19, 2022 "Order Vacating Reallotment" issued by Judge Marcel. The judge provided that on April 28, 2022, Judge Marcel ordered that Defendant's writ application be returnable to this Court on or before May 29, 2022. Judge Aucoin stated that Judge Lemmon's application with the Louisiana Supreme Court was denied without reasons on June 8, 2022, and that the State's application for appointment of an *ad hoc* judge was denied by the Louisiana Supreme Court on June 15, 2022. Judge Aucoin then determined, "Inasmuch as the defendant failed to file his writ application on this issue with the Court of Appeal, Fifth Circuit, on or before May, 2022, the Court is denying the motion as untimely." She stated that Defendant would not be "unduly prejudiced by this delay." Judge Aucoin noted that the hearing on Defendant's motion to recuse was set for July 5, 2022.

recusal. He notes that he was prohibited from issuing a subpoena for Judge Lemmon and that she denied his request to voluntarily appear and testify.[10]

Defendant further asserts that if this Court should determine that a more specific factual basis was required, then this Court has the power and authority to instruct Judge Lemmon to provide the specific factual bases "in whatever format" deemed appropriate. In addition, Defendant argues that Judge Lemmon should be recused from this matter in order to ensure that his due process rights are not violated. With regard to the burden placed on the other judges of the 29th Judicial District Court by Judge Lemmon's self-recusal, Defendant notes that she recused herself in ten cases over a three-year period. He asserts that the pattern of recusals or the effect of the recusals on other judges should not be considered.

In addition, Defendant argues that if Judge Lemmon remains as the trial judge, then questions concerning her impartiality will result in reversible error "because of the extremely consequential sweeping pre-trial ruling" regarding the admissibility of alleged other crimes, wrongs, or acts. He explains that after Judge Lemmon recused herself, he filed a motion for new hearings on the State's notice of intent. He avers that it is necessary for a different judge to consider this motion and to handle the trial of this matter. In conclusion, Defendant requests that this Court order Judge Lemmon to be recused from this case.

In its opposition, the State argues that the sole issue before this Court is whether Judge Aucoin erred in denying Defendant's motion to recuse Judge Lemmon. The State contends that Defendant did not meet the requisite burden of proof to recuse Judge Lemmon from this matter. The State provides that Judge Lemmon indicated in the instant recusal order that she "could be fair and impartial and that her prior rulings were not affected by bias or prejudice." The State maintains that no other evidence was submitted to refute the contents of Judge Lemmon's recusal order or to establish that she could not be fair. Additionally, the State points out that the Louisiana Supreme Court declined to recuse Judge Lemmon upon her request pursuant to La. C.Cr.P. art. 672.

The State avers that Judge Aucoin correctly addressed this issue, noting that the facts or the bases of Judge Lemmon's recusal in the other matters are unknown and cannot be compared to the present case. The State points out that Defendant is charged with second degree kidnapping and aggravated second degree battery of his wife in this domestic abuse case. As such, the State argues that this case is unique and distinguishable from the charges involving sex crimes in Judge Lemmon's prior self-recusals. The State asserts that Defendant did not introduce any evidence at the hearing to suggest that Judge Lemmon cannot be fair or impartial in this case or in any domestic abuse cases. Finally, the State contends that the timing of the motion to recuse suggests an attempt to delay because it was filed on the eve of trial following significant evidentiary rulings in the State's favor.

---

[10] Defendant notes that the State did not argue or address whether Judge Lemmon's self-recusal pursuant to Code of Judicial Conduct, Canon 3(C), was improper. He also notes that the State did not object when Judge Lemmon recused herself from the case, that the State did not "make a writ application on Judge Lemmon's self-recusal," and that the State did not file an opposition to Judge Lemmon's application with the Louisiana Supreme Court. He points out that the State filed its own application with the Louisiana Supreme Court for an *ad hoc* judge to be appointed to handle the case.

First, we will address Defendant's assertion that the Louisiana Code of Criminal Procedure clearly allows a judge to self-recuse after a motion to recuse has been filed. La. C.Cr.P. art. 673[11] states,

> A judge has full power and authority to act, even though a ground for recusal exists, until he is recused, or a motion for his recusal is filed. The judge to whom the motion to recuse is assigned shall have full power and authority to act in the cause pending the disposition of the motion to recuse."

La. C.Cr.P. art. 674[12] provides the procedure for recusal of a trial judge, and states, in pertinent part:

> B. If the motion to recuse sets forth facts constituting a ground for recusal under Article 671, not later than seven days after the judge's receipt of the motion from the clerk of court, the judge shall either recuse himself or refer the motion for hearing to another judge or to an ad hoc judge, as provided in Article 675.

In this matter, Judge Lemmon referred Defendant's recusal motion to another division for a hearing on the motion. After the referral, Judge Lemmon issued an order of recusal, self-recusing herself from the cause.[13] According to La. C.Cr.P. arts. 673 and 674, once Judge Lemmon referred the motion for recusal to another division, the trial judge to which the motion was assigned—Judge Aucoin—then had full power and authority to act pending the resolution of the motion. Judge Lemmon was divested of her authority to act in the matter while the motion to recuse was pending, which includes being divested of her authority to issue an order of recusal. Therefore, because Judge Lemmon issued her recusal order while the recusal motion was pending in another division, we find that the trial court did not err in conducting a hearing on the recusal motion.

Now, we will address the motion to recuse. La. C.Cr.P. art. 671[14] specifies the grounds upon which a judge may be recused in a criminal case, which provided in pertinent part:

> A. In a criminal cause, a judge of any trial or appellate court shall be recused upon any of the following grounds:
> (1) The judge is biased, prejudiced, or personally interested in the cause to such an extent that the judge would be unable to conduct a fair and impartial trial; …
> (6) The judge would be unable, for any other reason, to conduct a fair and impartial trial.
> B. In a criminal cause, a judge of any trial or appellate court shall also be recused when there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner.

In reference to Paragraph B, Comment (i) for La. C.Cr.P. art. 671 provides:

---

[11] La. C.Cr.P. art. 673 was amended by Acts 2022, No. 42, § 1, which became effective on August 1, 2022.

[12] La. C.Cr.P. art. 674 was amended by Acts 2022, No. 42, § 1, which became effective on August 1, 2022.

[13] In her recusal order, Judge Lemmon acknowledged the procedural posture of the case at that time by stating that the motion to recuse was referred to another judge of the court, rather than being granted.

[14] La. C.Cr.P. art. 671 was amended by Acts 2022, No. 42, § 1, which became effective on August 1, 2022.

A new Paragraph B has been added to provide an additional mandatory ground for recusal when a substantial and objective basis exists that would reasonably be expected to prevent the judge from conducting any aspect of the case in a fair and impartial manner. This provision is intended to serve as a catch-all supplementing the mandatory grounds for recusal set forth in Paragraph A and to incorporate a clearer, more objective standard than the language of Canon 3C of the Code of Judicial Conduct, which provides that a judge should recuse himself when "the judge's impartiality might reasonably be questioned."

In each possible recusal situation, there is a countervailing consideration which militates in favor of a judge's not recusing himself, or being recused—that is, that the judge has an obligation, part of his sworn duty as a judge, to hear and decide cases properly brought before him. He is not at liberty, nor does he have the right, to take himself out of a case and burden another judge with his responsibility without good and legal cause. *In re Lemoine*, 96-2116, (La. 1/14/97), 686 So.2d 837, *on reh'g*, 96-2116 (La. 4/4/97), 692 So.2d 358. A trial judge is presumed to be impartial, and the burden is on the party seeking to recuse a judge to prove otherwise. *State v. Strickland*, 04-843 (La. App. 5 Cir. 3/1/05), 900 So.2d 885, 893, *writ denied*, 05-820 (La. 6/17/05), 904 So.2d 683. The grounds for recusal based on bias or prejudice must amount to more than conclusory allegations. *State v. Galliano*, 05-962 (La. App. 5 Cir. 8/29/06), 945 So.2d 701, 727-28, *writ denied*, 06-2367 (La. 4/27/07), 955 So.2d 682. However, as discussed in *Anderson v. Dean*, 22-233 (La. 7/25/22), --- So.3d ---, 2022WL2914069, *writ granted in part*, 22-1098 (La. 7/22/22), --- So.3d ---, 2022WL3009666, the grounds for recusal have recently been expanded by the Louisiana legislature.

In *Anderson*, this Court considered whether a trial judge should have been recused from a civil matter, pursuant to La. C.C.P. art. 151. Article 151(B)[15] states:

> A judge of any trial or appellate court shall also be recused when there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner.[16]

When applying Article 151(B) and ultimately recusing the trial judge in that matter, this Court explained:

> In adopting this new language, the Legislature clearly intended to broaden the mandatory grounds for recusal beyond the previously enumerated grounds, including the ground for bias or prejudice enumerated in Paragraph A(4). Whereas prior law recognized this mandatory ground for recusal only where there was a high probability of actual bias (proved either directly or circumstantially), the addition of Paragraph B recognized that there may be instances in which actual bias or prejudice cannot be proven, but which nonetheless require the recusal of the judge. These instances occur where there exists a "substantial and objective basis that would reasonably be expected to

---

[15] La. C.C.P. art. 151 was amended by Acts 2021, No. 143, § 1.

[16] La. C.C.P. art. 151 is the Louisiana Code of Civil Procedure's counterpart to the Louisiana Code of Criminal Procedure's Article 671 concerning recusals. The language in Subsection B of this article is the same as the language adopted by the Legislature in the current version of La. C.Cr.P. art. 671(B).

prevent the judge from conducting any aspect of the case in a fair and impartial manner." The words "substantial" and "objective" present the first two requirements. "Substantial" means something of substance, material, real, and not imaginary. Black's Law Dictionary (11[th] ed. 2019). This may be understood as requiring the mover to support his motion to recuse with material evidence, and not mere allegations. "Objective" means something externally verifiable, as opposed to the feelings of one individual. *Id.* "Basis" means some foundation or starting point on which something may rest. *Id.* This is a broad term clearly intended to cover more instances than solely "bias." The phrase "any aspect of the cause" additionally broadens the scope of this ground for recusal beyond the obvious and public aspects of the judge sitting on the bench in the courtroom. Finally, the phrase "reasonably expected" recognizes that there may be substantial and objective bases claimed that a neutral observer would not expect to prevent the judge from trying the cause in a fair and impartial manner.

Whether the requirements of this new ground from recusal in Paragraph B are met will necessarily vary to some degree depending on the facts and circumstances of each case: the conduct complained of and the relationships and interests involved. In determining whether a recusal is necessary under Paragraph B, a judge's decision should be guided by the twin imperative duties of a judge: to try the case fairly and impartially on the one hand, and on the other to promote public confidence in the integrity and impartiality of the judiciary.

*Anderson*, at p. 9.

In Judge Lemmon's recusal order, she stated that she felt that she has and could continue to be impartial in her rulings in this matter. However, Judge Lemmon then freely acknowledges that she had recused herself in prior cases involving allegations regarding certain crimes with which she has personal familiarity due to close relationships with the victims. Being mindful of Louisiana Code of Judicial Conduct, Canon 3(C), Judge Lemmon stated that the motion itself presented a distraction and a delay in the resolution of the matter that could prejudice one or both parties and could impede the just resolution of the case. In her "Application for Clarification of Order of Self Recusal and/or Application for Recusal," Judge Lemmon asserted to the Louisiana Supreme Court that she "must be allowed to recuse due to her own admission that, under the canons, she has determined that her 'impartiality might reasonably be questioned,'" particularly when considering the weight of the consequences for the trial in this matter. Judge Lemmon goes on to state,

Further, it is suggested to this Honorable Court that considering [her] acknowledgment in her Order of Recusal that her impartiality might reasonably be questioned, any trial of [Lawrence Staehle] that she were to preside over would create a questionable constitutional position, and infect the overall trial with reversible error, given that the judge herself has now stated that she may not be seen as fair and impartial. Preventing [her] appropriate recusal would interfere [with] administration of justice in this matter.

After review of the writ application and its exhibits, we find that La. C.Cr.P. art. 671(B) applies to this cause, and Judge Lemmon should be recused. When

considering the facts and circumstances of this particular case, we agree with Judge Lemmon's assertion in her application to the supreme court that presiding over this matter would create a questionable constitutional issue and infect the overall trial with reversible error. Allowing Judge Lemmon to continue to preside over this matter, coupled with Judge Lemmon's insistence that she be allowed to recuse, would undermine public confidence in the judiciary.[17] Therefore, we grant the writ application, reverse the trial court's denial of Defendant's motion to recuse, order that Judge Lemmon be recused from this cause, and remand the matter to the trial court for further proceedings.

Gretna, Louisiana, this 23rd day of August, 2022.

**MEJ**
**JJM**
**JBD**

---

[17] We adopt the rationale in *Anderson*, *supra*, where this Court stated, "Subsequent assurances to the contrary are like trying to close the barn door after the horse has bolted."

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

.
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/23/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**22-K-335**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED
29th Judicial District Court (Clerk)
Honorable Connie M. Aucoin (DISTRICT JUDGE)
Maria M. Chaisson

### MAILED
Hon. Honorable Joel T. Chaisson, II
District Attorney
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057

8/23/22

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hon. Joel T. Chaisson, II, DA
Rochelle Champagne Fahrig, ADA
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057
22-K-335                08-23-22

9590 9402 2434 6249 3626 07

2. Article Number *(Transfer from service label)*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7016 2070 0000 0954 5802

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information. visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$
Total Postage
$

Sent To   Hon. Joel T. Chaisson, II, DA
Rochelle Champagne Fahrig, ADA
Twenty-Ninth Judicial District Court

Street an   Post Office Box 680
Hahnville, LA 70057              08-23-22
22-K-335

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DA ~LIH~
PO Box 6807S
Hahnville, LA 70057

9590 9402 6367 0296 9375 01

2. Article Number *(Transfer from service label)*

PS Form 3811, July 2020 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X *Linda Trexler*  ☐ Agent  ☑ Addressee

B. Received by *(Printed Name)*  *Linda Trexler*  C. Date of Delivery  8/29/22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

22-K-335

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DA SECURITY
PO Box 68
Hahnville, LA 70057

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 6367 0296 9375 01

2. Article Number *(Transfer from service label)*

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Linda Trexler_      ☐ Agent
                        ☑ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

_Linda Trexler_    8/29/22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

22-K-335

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt

8/23/22

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hon. Joel T. Chaisson, II, DA
Rochelle Champagne Fahrig, ADA
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057
22-K-335                          08-23-22

9590 9402 2434 6249 3626 07

2. Article Number *(Transfer from service label)*

7016 2070 0000

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X                                      ☐ Agent
                                       ☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt